## MACY v. SOUTHERN BLG. & LOAN ASSOCIATION.

An equitable petition alleging that plaintiff executed a mortgage to defendant to secure a debt, and that it was stipulated therein that the mortgagee in case of default in payment should have the right to advertise and sell the property, and at such sale become a bidder and purchaser, and that a portion of the debt had been paid by the mortgagor, and upon default in payment of the balance there had been a sale under the power above referred to, and the mortgagee had become the purchaser, and that certain amounts had been expended for improvements on the property between the date of the mortgage and the date of the sale, and praying for a judgment against the mortgagee for the amount paid by the mortgagor on the debt, and for the value of the improvements made, set forth no cause of action, and was properly dismissed on demurrer.

Submitted February 5, — Decided March 3, 1898.

Equitable petition. Before Judge Felton. Bibb superior court. April term, 1897.

*M. G. Bayne,* for plaintiff.

COBB, J. The petition of the plaintiff contained allegations of which the following are the material parts: Plaintiff had borrowed from defendant a certain sum of money, and as security for the loan had executed a mortgage conveying certain land. In the conveyance there was a stipulation to the effect, that, should default be made by the plaintiff in the payment of the loan, the defendant should have the right to advertise the property for sale and sell it without process of law, and that at the sale the defendant might become a bidder and purchaser. The plaintiff has made certain payments on the loan. The value of the land greatly exceeds the original amount of the loan. Upon a default made by the plaintiff in the payment of a balance due upon the debt, the defendant caused the premises to be advertised and sold, and became the purchaser of the premises at the sale. The sale was made under the power in the mortgage, and not under any judicial process. It is alleged that the defendant fails and refuses to account to plaintiff, either for the amounts which have been paid by him on the debt, or for a certain sum which it is alleged is due for improvements made on the premises by the mortgagor between the time of making the loan and the time of the sale. The prayers of the petition are, first, for a judgment against defendant, and a special judgment against the premises for the amounts above referred to; second, for injunction against the defendant to restrain it from selling, conveying, or encumbering the property; third, that plaintiff's equitable lien on the premises be set up and established. A general demurrer to the petition was sustained, and the plaintiff excepted.

We see no error in the ruling complained of. The suit is simply an effort by the plaintiff to recover back payments made on the loan after the creditor has exercised the power of sale given it in its mortgage, and become, in strict pursuance of the contract between the parties, the owner of the property which formerly belonged to the debtor. When in a contract a debtor gives to his creditor the right of enforcing the collection of his debt by the sale of the debtor's property without resorting to the ordinary processes of the law, the fact that the creditor sees proper to exercise this power does not operate as a rescission

of the contract, and therefore does not authorize the debtor to treat the complete exercise of the power as a rescission, and bring a suit to recover back the money paid by him on account of the contract. The execution of the power is in enforcement of the contract. The creditor does not depart from or leave his contract with the debtor, but stands upon its terms; and the debtor must do likewise. It being the contract between the parties, that, upon a failure to pay, the creditor could sell the property in the manner prescribed and become itself the purchaser at this sale, the fact that it exercised the power can not be set up as a rescission of the contract and authorize the recovery by the debtor either of payments made on the debt, or for improvements made on the property between the date of the execution of the mortgage and the day that the sale took place. Taking the petition as a whole, its purpose is to recover back the amounts paid on the debt and for improvements made on the premises; and this can not be done. It does not expressly appear what amount the property brought at the sale, but it might be inferred that it brought an amount either equal to or less than the balance due on the debt. The allegations and the prayers of the petition do not require any decision to be made as to the rights of the debtor if the purchase-price at the sale was a sum greater than the balance due on the debt. If there had been an allegation that such was the fact, the case might be held in court for a recovery of the difference between the amount realized at the sale and the balance due on the debt; but there being no such allegation, and there being no right of action under the allegations that are made, no cause of action was set forth in the petition, and the case was properly dismissed. *Judgment affirmed. All the Justices concurring.*