## 6966.  SULLIVAN v. RICH.

1. A prayer for the establishment of a special lien against the land for the
   amount alleged to be due may properly be included in the petition in
   an action on a promissory note given for the purchase-money of land
   for which the defendant holds the plaintiff's bond for title.
2. The defendant's plea was insufficient as a plea of usury.

   DECIDED JUNE 27, 1916.  REHEARING DENIED JULY 17, 1916.

Complaint; from city court of Atlanta—Judge Reid.  September 25, 1915.

The defendant filed a plea as follows: 1. Plaintiff ought not to recover on the note sued on and ought not to have a lien against the property described in the pettiion, because of the following facts: Shortly before the date of said note and bond for title, defendant applied to Montefiore Selig, the agent of the plaintiff, for a loan of $4,000 on two houses and lots in the City of Atlanta, the said sum to be divided into two loans of $2,000 each. Plaintiff agreed to make said loans for a period of three years, provided this defendant would pay the said Selig a commission of $150, and would purchase from the plaintiff the lot described in the petition, at the price of $2,000, of which $300 was to be cash and the balance to be paid as alleged in the petition, the cash payment and the said commission to be retained out of said loans by plaintiff. Said lot was not worth exceeding $1,500 at that time and is worth less now. Defendant at the same time agreed to pay plaintiff 7 per cent. interest on said loans. Defendant agreed to plaintiff's proposition, and accordingly borrowed said $4,000 for three years at 7 per cent. per annum, bought said lot at the price of $2,000, paid $300 cash on it, which was retained by plaintiff out of the loan, paid said Selig a commission of $150, which was paid to him out of the loan, and gave his two notes for said loan of $4,000, payable in three years at 7 per cent. per annum, payable semi-annually. 2. The said transaction was a scheme and device to cover up and exact and reserve more interest than allowed by law, to wit, 8 per cent. per annum, and therefore the whole trade aforesaid was null and void, and the said note and the bond for title are void. 3. Plaintiff is indebted to defendant in the sum of $330 by reason of these facts; and defendant is entitled to a judgment against plaintiff for this amount.

The plaintiff demurred to the plea and moved to strike it, on general and special grounds, contending, among other reasons, that

usury can not properly be pleaded in such a case, and that the plea is too vague and indefinite, and does not meet the requirements of the Civil Code, § 5674. The court sustained the general grounds of the demurrer and struck the plea; a verdict for the plaintiff was rendered, by direction of the court, and judgment was entered thereon; all of which, as well as the overruling of the defendant's demurrer referred to in the following decision, the bill of exceptions assigns as error.

*W. H. Terrell,* for plaintiff in error, cited: On the prayer for a special lien: *Terrell* v. *Fraser,* 113 *Ga.* 1087. On the plea of usury: Civil Code, § 3436; *Bishop* v. *Exchange Bank,* 114 *Ga.* 962, 964-5; 29 Am. & Eng. Enc. Law (2d ed.) 479.

*Nathan Coplan,* contra, cited: As to special lien: *Marshall* v. *Charland,* 109 *Ga.* 306, 309. On plea of usury: Civil Code, § 5674; *Trammell* v. *Woolfolk,* 68 *Ga.* 628; *Tillman* v. *Morton,* 65 *Ga.* 386; *Culver* v. *Wood,* 138 *Ga.* 60; Civil Code, § 3437; *Merck* v. *American Freehold &c. Co.,* 79 *Ga.* 213; *Hughes* v. *Griswold,* 82 *Ga.* 299.

HODGES, J. 1. This suit was for the unpaid balance of the purchase-price of certain land, and the plaintiff prayed not only for a judgment for the amount alleged to be due but that a special lien for the debt be established upon the land described. It appeared from the petition that the defendant held a bond for title to the land, the legal title being in the plaintiff. The defendant demurred to the prayer for the establishment of a special lien upon the property, and the court overruled the demurrer. There was no error in this ruling. It seems to be the better practice in cases of this character to set out in the pleadings all the facts necessary to sustain such special lien. *Marshall* v. *Charland,* 109 *Ga.* 306 (34 S. E. 671). The decision in the case of *Terrell* v. *Fraser,* 113 *Ga.* 1087 (39 S. E. 476), does not hold to the contrary. In that case there was a general verdict for the plaintiff, and it was held merely that the failure to find that the plaintiff was entitled to a special lien on the land was not cause for a new trial; that the priority of the lien of his general judgment could be shown at any time by aliunde proof.

2. The defendant's answer to the suit was in effect a plea of usury, and was insufficient in law, and was properly stricken on demurrer, the answer not setting forth the elements required by section 5674 of the Civil Code of 1910.     *Judgment affirmed.*