*Walter R. Brown,* contra.

---

### 15211.  HARGETT *v.* MUSCOGEE BANK.

STEPHENS, J. 1. The provision of the Civil Code (1910), § 6093, to the effect that "documentary evidence copied as an exhibit . . and introduced in evidence shall not be set out in the brief except by reference to the same," while mandatory, is for the benefit of the court and not of the parties litigant. The motion to dismiss the bill of exceptions upon the ground that the above provision has been violated by the plaintiff in error is overruled.

2. Where a contract for the sale of personal property,—as an automobile, —provides that the purchaser shall keep the property sold "in good condition," and that on failure of the purchaser to make the payments due upon the purchase-money under the contract, or to perform any other obligation resting upon him under the contract, the seller may retake possession of the property sold, and, as agent for the purchaser, sell the property at public or private sale at any time thereafter, and, after deducting the expense incurred by him as a result of such "repossession, removal, reparation, storage, liens and sale," apply to the unpaid indebtedness the proceeds of such sale, the seller may charge as a reparation, against the proceeds arising from the resale of the property, only such expenditures made by him for repairs upon the property as were necessary to place the property in the condition in which it should have been maintained by ordinary repairs and upkeep at the time when retaken by the seller.

3. In a suit by the seller against the purchaser to recover the unpaid

purchase-money, where the seller has retaken the property, the evidence will not authorize a recovery for the plaintiff in any amount whatever until the plaintiff has carried the burden of showing a resale of the property under the terms of the contract, and the amount realized by him upon such resale. The amount of the recovery will then be limited to the difference between the unpaid purchase-money and the amount realized upon the resale, provided the latter is less than the former. The seller cannot charge against the amount realized upon the resale any expenditures made by him for repairs, as being authorized under the contract, until he has shown the amount of such expenditures; and where the repairs made included repairs authorized under the contract to be charged against the purchaser, as well as repairs not so authorized, the plaintiff must, before he can receive credit for any repairs made by him upon the property, furnish sufficient data to authorize a finding separating the expenditures authorized under the contract from those not authorized thereunder. Civil Code (1910), § 4587.

4. It is the purchaser's right under the contract to have the property resold after it has been retaken by the seller, and therefore the purchaser is not bound to accept, as a credit upon the unpaid purchase-money, an amount representing the value of the property at the time it is retaken by the seller.

5. Under a contract of sale of personalty, which authorizes the seller, upon default by the purchaser, to retake the property and at any time thereafter resell it for the benefit of the purchaser and apply the proceeds derived from such sale upon the unpaid purchase-money, the mere retaking of the property by the seller and the selling of it afterwards by him will not establish a rescission of the sale so as to defeat the seller's right to recover under the contract. *Macy* v. *Southern Building & Loan Asso.*, 102 *Ga.* 812 (30 S. E. 430); *Jones* v. *Snider*, 99 *Ga.* 276 (25 S. E. 668). Where, however, the seller, after retaking the property for the purpose of resale as provided in the contract, refrains for an unreasonable length of time from selling it, and devotes it to a use inconsistent with an intention upon his part to resell it as the agent of the purchaser, the inference that the seller has converted the property to his own use and has thereby rescinded the sale is authorized.

6. This being a suit by a transferee of the seller to recover of the purchaser on the unpaid purchase-money notes, and it appearing that the seller had retaken the property sold and resold it, but there not appearing data sufficient to show what of the repairs made were necessary under the terms of the contract, or that the repairs actually made were chargeable against the amount realized upon the resale of the property, a direction of a verdict for the plaintiff in a particular amount was error.        *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 22, 1924.

Complaint; from Muscogee superior court—Judge Munro. November 3, 1923.

*George C. Palmer,* for plaintiff in error.

*A. W. Cozart, J. E. Chapman,* contra.