21649. TIFTON CHEVROLET COMPANY *v.* MATHIS.

BELL, J. 1. Where, after selling an automobile on the installment plan and retaining the title to secure the purchase-money, the seller retakes possession of the property because of default in a payment by the purchaser, and thereafter, while thus holding the property, refuses to deliver it to the purchaser upon a tender of such payment, the act of the seller in retaking the property and refusing to redeliver it upon tender of the installment due amounts to a rescission of the contract of sale. *Snook* v. *Raglan*, 89 *Ga.* 251 (2) (15 S. E. 364); *Cornett* v. *Newsome*, 27 *Ga. App.* 340 (3) (108 S. E. 254); *Dasher* v. *Williams*, 30 *Ga. App.* 122 (117 S. E. 108).

2. In such a case, it is the duty of the seller, in the absence of a special agreement to the contrary, to restore the status by paying or redelivering to the purchaser such portion of the consideration as may have been received, less depreciation in the value of the automobile by damage or injury which it sustained, if any, above ordinary wear and tear, while in the purchaser's hands. *Hays* v. *Jordan*, 85 *Ga.* 741 (2) (11 S. E. 833, 9 L. R. A. 373); *Standard Motors Finance Co.* v. *O'Neal*, 35 *Ga. App.* 727 (3) (134 S. E. 843).

3. Where a part of such consideration was another automobile, as a used car, which the seller refused to restore to the purchaser on demand made by the latter after such rescission by the seller, the purchaser could maintain an action of trover to recover the used car, and could elect a money verdict for its value or for the value of his right of possession therein. The rescission operated as a complete abrogation of the contract of sale, and could be treated by the purchaser as reinvesting him with such title or right of possession as he previously had in the used car. *Lytle* v. *Scottish American Mortgage Co.*, 122 *Ga.* 458 (3) (50 S. E. 402); *Timmerman* v. *Stanley*, 123 *Ga.* 850 (51 S. E. 760, 1 L. R. A. (N. S.) 379); *Stephens* v. *Bond*, 155 *Ga.* 20 (2) (115 S. E. 913); *DeLamar* v. *Fidelity Loan Co.*, 158 *Ga.* 361 (4) (123 S. E. 116):

*Marietta Publishing Co.* v. *Times Publishing Co.*, 26 *Ga. App.* 752 (107 S. E. 270); 23 C. J. 228.

4. Where at the time the used car was traded in there was an outstanding encumbrance thereon, which had not matured but which the seller agreed to pay with the understanding that the purchaser would be credited only with the ·difference between such encumbrance and the agreed value of the used car, upon the seller's rescission of such contract of sale or exchange, as indicated above, the purchaser was not required to offer a reimbursement to the seller in the amount paid by the latter in removing such encumbrance, as a condition of the purchaser's right to maintain trover to recover the used car. In such a case the purchaser had 'merely parted with his right of possession or equity in the used car, and had received nothing from the seller which he should restore, although in fixing the amount of the plaintiff's verdict in the trover suit the defendant should have credit for the amount expended in the removal of such encumbrance. This was the equivalent of restoring the parties to their original status and of allowing the plaintiff to recover only the value of his right of possession in the used car. This is not to hold that if the plaintiff had elected to take a verdict for the property, the defendant would not have been entitled in the same or some other proceeding to assert a lien' thereon for the amount of such encumbrance. *Glisson* v. *Heggie*, 105 *Ga.* 30 (31 S. E. 118); *Witt* v. *Nesar*, 145 *Ga.* 674 (3) (89 S. E. 747); *Kerlin* v. *Young*, 159 *Ga.* 95 (2), 104 (125 S. E. 204); *Jones* v. *Williams*, 40 *Ga. App.* 819 (2) (151 S. E. 695); *White* v. *Dotson*, 41 *Ga. App.* 436 (153 S. E. 233); *Roper Grocery Co.* v. *Faver*, 8 *Ga. App.* 178 (2) (68 S. E. 883).

5. Upon application of the above rulings, the evidence authorized the verdict found for the plaintiff, and none of the grounds of the motion for a new trial showed error. The court did not err in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 19, 1932.

*Steve F. Mitchell,* for plaintiff in error.
*Fulwood, Forrester & Fulwood,* contra.