30605. STERCHI BROTHERS STORES INC. *v.* DANIELS.

PARKER, J. 1. The petition, when considered as a whole, indicates that the plaintiff intended to proceed in tort, and counsel and the court treated the action as one ex delicto for alleged damages resulting from the defendant's alleged trespass in repossessing furniture previously sold by it to the plaintiff.

2. The action being in tort, and since the repossession if wrongful caused the plaintiff to sustain a total loss of her property right in the furniture, the measure of the actual damages was the market value of her said property right at the time of the trespass, to which interest could be added. *Watson* v. *Loughran,* 112 *Ga.* 837 (3) (38 S. E. 82). The market value of the plaintiff's property right would be determined by taking the market value of the furniture itself and subtracting therefrom the balance due on the purchase-price of the furniture. The court erred in charging that the measure of damages was the amount paid by the plaintiff on the purchase-price less a reasonable rent on the property during the time it was held by the plaintiff, the measure of damages charged being applicable only to actions seeking the return of the purchase-money or consideration because of the rescission of the sale contract. See *Tifton Chevrolet Co.* v. *Mathis,* 44 *Ga. App.* 839 (163 S. E. 308), which was an action in trover merely for the recovery of another article of property constituting a part of the purchase consideration; *Enterprise Distributing Corp.* v. *Zalkin,* 154 *Ga.* 97 (113 S. E. 409), which was an equitable action for an accounting including a claim for the return of payments made upon the purchase-price on a rescinded contract; and *Rhodes Furniture Co.* v. *Jenkins,* 2 *Ga. App.* 475 (58 S. E. 897), and *Sterchi Brothers Co.* v. *Harris,* 47 *Ga. App.* 772 (171 S. E. 457), which were actions in contract for the return of the amounts paid on the purchase-prices.

3. It was not error to disallow the proffered amendment to the defendant's answer seeking to recover damages resulting from the plaintiff's alleged breach of her contract with the defendant, since the amendment sought to plead a claim ex contractu against an action sounding in tort. Code, § 3-113.

670

4. The other assignments of error are either without merit or are such as are not likely to arise from a retrial.
5. The court erred in overruling the motion for new trial for the reason indicated in *headnote* 2.

Judgment reversed. *Sutton, P. J., and Felton, J., concur.*

DECIDED SEPTEMBER 27, 1944. REHEARING DENIED OCTOBER 27, 1944.

*Frank G. Wilson,* for plaintiff in error. *Jesse W. Bush,* contra.