33922. BARRETT *v.* DISTRIBUTORS GROUP INC.

DECIDED MARCH 7, 1952.

*Thomas E. Moran, Francis G. Millican,* for plaintiff in error.
*Stanley P. Meyerson,* contra.

FELTON, J. ■ Ground one of the general demurrer was based on the contention that the conditional-sale contract did not con-

tain a valid and enforceable provision authorizing the plaintiff to repossess and resell the property covered by the contract. The plaintiff in error contends that this is so because the contract contained a provision that, should the vendor repossess the property, it could retain all prior payments as partial compensation for its use. This provision for forfeiture of the prior payments as rent or compensation for use has been ruled unenforceable. *Helen Lumber Co. v. Industrial Loan &c. Bank*, 67 *Ga. App.* 767 (21 S. E. 2d, 552); *Standard Motors Finance Co. v. O'Neal*, 35 *Ga. App.* 727 (134 S. E. 843). However, these cases do not hold that such a provision in a conditional-sale contract renders the entire contract unenforceable. Those rulings relate only to that specific provision of the contract. In the instant case, the plaintiff did not contend for prior payments as rent, therefore that question is not now before us.

■ The plaintiff in error supports his second ground of the general demurrer by the contention that a conditional-sale contract is rescinded when the vendor repossesses the property, even though the repossession is under the terms of the contract. This contention is without merit. *Hargett v. Muscogee Bank*, 32 *Ga. App.* 701(5) (124 S. E. 541); *Macy v. Southern Building & Loan Assn.*, 102 *Ga.* 812 (30 S. E. 430); *Phillips v. Drake Motor Co.*, 68 *Ga. App.* 618, 623 (23 S. E. 2d, 538). The cases cited by the plaintiff in error are cases where repossession of the property was sought by a trover proceeding, and not under the terms of the contract. In such cases, it was held that an action in trover was a remedy inconsistent with the procedure of repossession under the contract, and that, under the doctrine of election of remedies, where trover is resorted to by the vendor, he rescinds the contract. See, in this connection, *General Motors Acceptance Corp. v. Coggins*, 178 *Ga.* 643 (173 S. E. 841). The instant case is not one involving trover. The vendor repossessed the property under the terms of the contract. The plaintiff in error agreed to the repossession and disposal of the property "in accordance with terms of the original conditional sales contract." The petition showed that the repossession and disposal was in accordance with and by virtue of the terms of the contract and not by virtue of some remedy inconsistent therewith. The petition showed that the plaintiff did not hold the repossessed property as its own

and failed to give the defendant any credit for its value, and showed that the property was sold within a reasonable time after repossession; therefore the petition did not show a rescission of the contract on these grounds. *Blevins Aircraft Corp.* v. *Gardner,* 66 *Ga. App.* 843, 846 (19 S. E. 2d, 350) and citations.

■ The motion for a new trial contained only the general grounds. On the trial no evidence was introduced by either side. The court, in finding for the plaintiff, assumed the position that by his plea of accord and satisfaction the defendant assumed the burden of proof, and that his failure to introduce any evidence was a failure to carry such burden of proof. The burden of proof is on the plaintiff until he makes out a prima facie case, at which time it shifts to the defendant. However, where the defendant by his pleading admits a prima facie case in the plaintiff, the burden of proof is immediately on the defendant. In the present case the plaintiff relied on his prima facie case being made out by the allegations of the defendant's plea. The pertinent allegations of the plea were: ". . defendant shows that on July 26th and 27th of 1950, the plaintiff corporation repossessed all of the property sold to this defendant by express agreement by and between the parties as complete payment, accord and satisfaction of the contract and note herein sued upon. 5. Defendant further shows that the repossession of the said property by mutual agreement and by reason of his default amounted to a rescission of the said contract and of the supporting note." The question is whether the admissions of the plea constituted a prima facie case in the plaintiff sufficient to cast the burden of proof on the defendant. We do not think that they had that effect. In ordinary suits on notes, generally a plea of accord and satisfaction admits a prima facie case in the plaintiff. This, however, is not an ordinary suit on a note. It is a suit for a deficiency judgment. Before a plaintiff in such an action can recover, he must prove that the property retaken was disposed of according to the terms of the contract and within a reasonable time after the retaking; the credits due the defendant due to prior payments; the amount realized by him upon the resale; the expense of the retaking and resale, and the deficiency prayed for. *Goldin* v. *Federal Intermediate Credit Bank,* 50 *Ga. App.* 790, 793(2) (179 S. E. 291); *Hargett* v. *Muscogee Bank,*

supra, headnote 3. Unless the plea had the effect of admitting all of this, the defendant failed to admit a prima facie case. The plea admitted the note and the contract, possession of the property by him, his default and the repossession. Nothing more was admitted. Therefore, the plaintiff failed to make out a prima facie case sufficient to cast the burden of proof upon the defendant. The court erred in finding for the plaintiff.

■ Code (Ann.) § 37-608 expressly applies to real estate and does not require the superior court to confirm and approve a sale of personalty on foreclosure before an action may be maintained for a deficiency.

■ The special demurrers were without merit.

The court did not err in overruling the general and special demurrers. The court erred in overruling the motion for a new trial.

*Judgment affirmed in part and reversed in part. Sutton, C. J., and Worrill, J., concur.*