18612, 18632.   HARDIN *et al. v.* MANRY; and *vice versa.*

CANDLER, Justice. After verdict and judgment and during the term at which they were rendered, the claimants made a motion for a new trial, which was set down for a hearing at Barnesville, Georgia, on January 6, 1954, at chambers and in vacation. On December 29, 1953, Judge Brooke, who had presided at the trial of the case because of the illness of Judge Willingham, wrote counsel for the movants to prepare and mail to him an order resetting the motion for a hearing at Canton, Georgia, on any Saturday in January, 1954, but counsel for the movants did not comply with his direction. On January 6, 1954, no order was passed continuing the motion for hearing on any subsequent date or at any designated place. It does not appear from the record that opposing counsel or the opposite parties had any notice of the letter which Judge Brooke wrote counsel for the movants. At his chambers and in vacation at Canton, Georgia, on January 28, 1954, Judge Brooke entered the following order: "On motion of plaintiffs in the above-stated case, the motion for new trial filed by claimants and set for hearing for January 6th, 1954, is hereby dismissed for want of prosecution. Subsequently, the claimants filed a motion to set aside the order dismissing the motion for new trial and to reinstate it." The plaintiffs responded in writing to the claimants' motion and, for reasons therein fully set out, objected to the order prayed for by the claimants. Later at his chambers and in vacation, Judge Brooke granted an order setting aside the order which he had previously granted, dismissing the motion for new trial,

and by the same order reinstated the motion for new trial. At the same time and on his own motion, Judge Brooke set the motion for new trial for a hearing at his chambers and in vacation at Canton, Georgia, on March 27, 1954; and he, at that time, notified counsel for the claimants by letter that their motion for new trial had been reinstated and would be heard by him at his chambers in Canton, Georgia, on March 27, 1954. Judge Brooke, having approved the brief of evidence, passed an order on March 27, 1954, refusing a new trial. The movants (the claimants) therein sued out the main bill of exceptions. The respondents (the plaintiffs) by cross-bill of exceptions assigned error on the order reinstating the motion for new trial and on the admission of certain documentary evidence, which was allowed over their objection during the trial of the case. *Held:*

1. The judgment reinstating the motion for new trial must be reversed. Since no written order was granted on January 6, 1954, continuing the motion for new trial to be heard on a future date and at a designated place in vacation, the hearing went, by force of the original order and by operation of law, over to the next regular term of the court. *Atlanta, Knoxville & Northern Ry. Co.* v. *Strickland,* 114 *Ga.* 998 (41 S. E. 501). Hence, the court was without jurisdiction on January 28, 1954, to dismiss the motion for a new trial, and the subsequent orders reinstating the motion for new trial and refusing a new trial were also void for want of jurisdiction. *Sharp* v. *Findley,* 71 *Ga.* 654 (8); *Davis* v. *Harden,* 143 *Ga.* 98 (84 S. E. 426); *Phoenix Bank* v. *Shirling,* 146 *Ga.* 163 (91 S. E. 23), and citations; *Hinson* v. *Tanner,* 147 *Ga.* 804 (95 S. E. 687). This being so, the motion for new trial is still pending in the trial court, to be completed and determined under the original order. See, in this connection, *Wells* v. *Taylor,* 184 *Ga.* 745 (193 S. E. 175). So far as the record discloses, no attempt was made after January 6, 1954, by either of the parties to reinvest the court with jurisdiction to hear and determine the motion for new trial in vacation under Code §§ 24-2618, 24-2619 by making an application for such hearing and giving the opposite parties or their counsel ten days' notice of the time and place of hearing.

2. Since the motion for new trial was not continued for a hearing in vacation by a written order on January 6, 1954, and since there has been no compliance with the provisions of Code §§ 24-2618 and 24-2619 by either of the parties, the court was without jurisdiction in vacation to render any further judgment respecting the motion for new trial. This being true, the judgments complained of both in the main bill of exceptions and in the cross-bill of exceptions are nullities.

*Judgment reversed on the main bill of exceptions and also on the cross-bill of exceptions. All the Justices concur.*

SUBMITTED JUNE 14, 1954—DECIDED JULY 13, 1954.

*Dobbs & Whitmire, Williams & Freeman,* for plaintiffs in error.

*Kennedy, Kennedy & Seay, Harvey J. Kennedy, Jr., Clifford Seay, Harvey J. Kennedy,* contra.