35643. ROLLINS *v*. GENERAL ACCEPTANCE CORPORATION.

NICHOLS, J. The petition as amended set forth a cause of action, and the court did not err in overruling the defendant's demurrer thereto.

(a) The amendment was not subject to the ground of demurrer that it sought to set up a new and distinct cause of action.

(b) The original petition was not subject to the ground of demurrer that it did not contain enough to amend by.

*Judgment affirmed. Felton, C. J., Gardner, P. J., Townsend and Carlisle, JJ., concur. Quillian, J., dissents.*

DECIDED JUNE 14, 1955—REHEARING DENIED JULY 7, 1955.

*Charles W. Anderson,* for plaintiff in error.

*V. K. Meador,* contra.

General Acceptance Corporation brought an action in the Civil Court of Fulton County against G. L. Rollins, Sr., to recover a $589 balance due it. Attached to the petition as an exhibit was a sworn statement of the balance due, which alleged that the balance, the same amount shown in the petition, was due and unpaid.

The defendant filed general demurrers to the petition on the grounds that no cause of action was set forth, that the petition was too vague and indefinite to enable the defendant to plead thereto, that no copy of the alleged contract and no bill of particulars were attached to the petition, and that the allegation that the defendant was indebted to the plaintiff in the amount of $589 was a mere conclusion.

The plaintiff filed an amendment, alleging that the defendant had purchased a described automobile from Blankenship Motors under a conditional-sale contract, which was duly transferred to the plaintiff, a copy of which was attached to the petition as an exhibit and showed a proper transfer; that the defendant had defaulted in the payments, and after repossession was notified that, unless the balance of $1,510 was paid on a named day, the automobile would be sold pursuant to the terms of the contract, a copy of the notice being attached to the amendment; that the automobile was sold to the highest and best bidder for $800; and that, after crediting this amount to the defendant and $121 as an unearned insurance premium, he owed the plaintiff $589, for which the action was brought.

The defendant demurred to the amendment as setting up a new and distinct cause of action, and to the exhibit attached to the original petition, and the verification as being insufficient in law,

and also renewed general demurrers to the petition as amended on the grounds that no cause of action was set forth, and that the original petition did not contain enough to amend by. The court overruled the demurrers, and the defendant excepted.

QUILLIAN, J., dissenting. The entire petition filed by the plaintiff reads: "Georgia, Fulton County. To the Civil Court of Fulton County. The petition of General Acceptance Corp. respectfully shows this court the following facts: (1) That Geo. L. Rollins, Sr., is named defendant herein. That said defendant is a resident of said State and county and subject to the jurisdiction of this court. (2) That said defendant is indebted to the petitioner in the sum of $589.00. Sworn statement hereto attached marked 'Exhibit A' and made a part of this paragraph and petition. (3) That said sums are just, correct, past due and unpaid. That demand has been made in which defendant fails and refuses to pay. Wherefore, petitioner prays judgment in the aforementioned sums of $589.00 and that process issue directed to defendant requiring him to be and appear at the next term of this court. Meador, Hartrampf, Cook & Hughes. By: Curtis M. Cook.

"Statement. January 12, 1954. General Acceptance Corp. To Geo. L. Rollins, Sr. 4/21/53. Balance due on Contr. 589.00.

"Georgia, Fulton County. Personally appeared before me C. J. Gilmer who on oath says: I am the authorized agent of General Acceptance Corp. and have authority to make statement that the above debt is due and unpaid. [S.] C. J. Gilmer, Affiant. Sworn to and subscribed before me this day of January 13, 1954. Ida N. Wright, Notary Public, Fulton County, Georgia."

Thereafter the plaintiff offered an amendment, which was allowed over the defendant's objection that there was not enough in the original petition to amend by.

The amendment set up that the defendant was indebted to the plaintiff for the balance of the purchase price of an automobile, evinced by a conditional-sale contract signed by the defendant, originally payable to Blankenship Motors, 1313 Lee St. Atlanta, Fulton County, Georgia, and transferred by the original payee to the plaintiff.

"A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or trans-

action, as a cause of action, shall be enough to amend by. The jurisdiction of the court may be shown and the details and circumstances of the particular transaction may be amplified and varied by amendment. If the declaration shall omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment." Code § 81-1302.

"Enough to amend by in matter of substance, in aid of an incomplete cause of action, is the least amount of substance in a declaration which will serve to show that, according to the original design of the pleader, what is offered to be added rightly belongs to a cause of action which he meant to assert, and that the addition proposed would make the cause of action complete. There must be a plaintiff, a defendant, jurisdiction of the court, and facts enough to indicate and identify some particular cause of action as the one intended to be declared upon, so as to enable the court to determine whether the facts proposed to be introduced by the amendment are part and parcel of that same cause." *Ellison* v. *Georgia R. Co.*, 87 *Ga.* 691 (6) (13 S. E. 809).

"A petition is amendable where there can be no doubt that the original declaration and the amendment offered refer to one and the same cause of action, that cause of action which was from the beginning in the pleader's mind, and which he wished and intended to prosecute to judgment." *Atkinson* v. *Brantley*, 15 *Ga. App.* 129 (82 S. E. 773).

The practical reason for the rule that requires the identity of the contract and sufficient facts to indicate in what manner the defendant's liability arose is so that the courts can determine whether an amendment offered sets forth a new cause of action from that alleged in the petition. "A petition in a suit for damages for breach of a contract cannot, over objection that a new and distinct cause of action would be added, be properly amended by claiming damages for breach of another contract separate and different from that first alleged." *Lambert* v. *Georgia Power Co.*, 181 *Ga.* 624 (3) (183 S. E. 814).

"Where a petition alleges a breach of a contract in a particular way, an amendment alleging a breach of the same contract in a different manner is subject to dismissal on demurrer, where the

amendment is not offered as a new or separate count to the original petition." *Deaton* v. *Friedman Amusement Co.*, 68 *Ga. App.* 259 (1) (22 S. E. 2d 737).

The petition in the instant case does not indicate the identity of the contract sued upon, who the parties to the contract were, disclose any of is terms or how the defendant's liability under it arose. The variety of contracts is without number and the ways in which liability may arise under them are equally numerous.

It is impossible to determine whether any amendment to the petition, including the one that was allowed, is germane to the cause of action it was the plaintiff's original design to plead. This is true because, on account of the deficiency of the petition, it cannot be ascertained whether the petition and the amendment offered related to the same contract, or referred to the same breach of the contract, or the same liability under the contract.

"A proper test of whether or not a declaration contains enough to amend by requires a consideration of (1) the declaration, (2) the law related to that action, and (3) the offered amendment. If the offered amendment spans the chasm between the declaration and the requirements of the law, the declaration is amendable in the manner offered by such amendment." *Owens* v. *Owens*, 190 *Ga.* 191, 193 (8 S. E. 2d 644).

There are several other opinions of both our appellate courts of the same import and in substantially the same language.

The rule pronounced in the *Owens* case and other cases referred to is not in conflict with the requirement of the *Ellison* case and other cases cited above that, in order for a petition to be amendable, it must allege a sufficient basis for a cause of action, so that, when it is amended, a comparison of the petition and amendment will reveal that they refer to the identical cause of action upon which the pleader intended to predicate the action which it was his purpose to allege in the petition.

It is elementary that the plaintiff is not permitted to set up a new cause of action by amendment. Code § 81-1303.

It is a well-settled principle of law that, if the petition does not allege sufficient facts to show whether any amendment that could be offered would set up a new cause of action from that which the plaintiff intended to allege in the petition as originally drawn, the petition does not set forth a cause of action.

In short, if the declaration furnishes no foundation upon which to build the bridge that is "to span the chasm" between it and the "requirements of the law" as to what is necessary to set out a cause of action upon which recovery may be had, the petition does not set forth a cause of action.

The petition in the instant case, which shows no more than that it is an action ex contractu, does not meet the requirements of Code § 81-1302, in that it does not set forth sufficient facts to specify or indicate some particular fact or transaction as a cause of action.