35790.  NEWKIRK *v.* UNIVERSAL C. I. T. CREDIT CORP.

<small>Decided November 7, 1955.</small>

*Jess H. Watson,* for plaintiff in error.

*Morton P. Levine,* contra.

NICHOLS, J. The defendant contends, assigns error in his bill of exceptions, and argues in his brief before this court that the trial court erred in sustaining plaintiff's general demurrer to his plea and answer and his cross-action, upon the following grounds: 1. The defendant had alleged facts sufficient to rely upon a plea of usury. 2. The defendant had alleged facts sufficient to offer proof of a rescission of contract. 3. The defendant's denial of the allegations of the amount the automobile resold for and the charges incident to the sale thereof were sufficient to join issue and require proof of same.

For the purpose of brevity and convenience this court will deal with each of these assignments of error, or reasons, in the order of and as set out and enumerated above.

■ Construing the allegations of the defendant most strongly against him, as must be done on demurrer, defendant's contentions in ground one as to the sufficiency of his purported plea of usury is without substance and must necessarily fall. The defendant's purported defensive · plea of usury is too vague and indefinite to meet the technical requirements of Code § 81-901, in that it did not show the amount of usury charged. It did allege that a stated amount was charged and that it was in excess of eight percent of the principal amount that the defendant really owed, but the plea is silent as to what amount of interest could have been legally charged, and furnished no data at all from which those facts could be ascertained. Furthermore the plea contained no prayer for any amount to be set forth as usury. *Commerce Finance Co.* v. *Perry,* 67 *Ga. App.* 491, 505 (21 S. E. 2d 123) ; *Sullivan* v. *Rich,* 18 *Ga. App.* 301 (89 S. E. 429).

The case of *Jackson* v. *Commercial Credit Corp.,* cited by coun-

sel. for defendant in support of the sufficiency of his plea of usury involved a different situation than the case sub judice in that there was an agreement by the finance company to furnish a sum of money sufficient to pay the cash price of the automobile in consideration of the purchaser paying the finance company an unlawful rate of interest upon the money loaned. Also in that case sufficient facts were alleged to meet the technical requirements as set out in Code § 81-901, supra, with reference to what a plea of usury must set forth. Such is not true in the case before us here. Moreover, the defendant in this case elected to buy the automobile for the "time price" stipulated in the contract and this court has held that a conditional-sale contract for an amount termed a "time-price" is not usurious, even though in a given instance the difference in the cash price and the "term price" may exceed eight percent interest. *Richardson* v. *C. I. T. Corp.*, 60 *Ga. App.* 780 (5 S. E. 2d 250). Contrarily, therefore, defendant's contentions in ground one that he alleged sufficient facts to sustain a plea of usury are without merit.

■ The conditional-sale contract under which the car was repossessed reads in part as follows: "If customer defaults on any obligation under this contract, . . . the full balance shall without notice become due forthwith, . . . customer agrees in any such case to pay said amount or, at holder's election, to deliver the car to the holder, . . . holder may, without notice or demand for performance of legal process, enter any premises where the car may be found, take possession of it and custody of anything found in it, and retain all payments as compensation for use of the car while in customer's possession. The car may be sold with or without notice, at private or public sale (at which the holder may purchase) with or without having the car at the sale; the proceeds less all expenses shall be credited on the amount payable thereunder; customer shall pay any remaining balance forthwith as liquidated damages for the breach of his contract and shall receive any surplus." The plaintiff's petition alleges, and the defendant's answer and cross-action admit, that the automobile was repossessed in accordance with the terms of the original conditional-sale contract. This court has repeatedly held that a repossession of property under the terms of a conditional-sale contract does not in itself rescind the contract. *Blevins Air-*

*craft Corp.* v. *Gardner,* 66 *Ga. App.* 843, 846 (19 S. E. 2d 350); *Hargett* v. *Muscogee Bank,* 32 *Ga. App.* 701 (5) (124 S. E. 541); *Macy* v. *Southern Building &c. Assn.,* 102 *Ga.* 812 (30 S. E. 430). Accordingly, there was no rescission of the contract on any of the grounds assigned in his bill of exceptions and therefore the defendant's contentions on this ground are without merit.

■ In the eighth paragraph of the cross-action the defendant specifically denies the plaintiff's allegations as to the amount the automobile was resold for and also denies the charges that plaintiff alleges were incident to the sale of the automobile. The denial of these allegations of the petition were sufficient, as contended by the defendant, to strike an issue and to require the plaintiff to prove them.

This is a suit for deficiency judgment predicated upon a retention-title, conditional-sale contract in writing, and even though the plaintiff had, under the terms of the contract, the power of repossession upon default without notice or legal process and power of sale at private or public sale, nevertheless, before the plaintiff can recover in an action for deficiency judgment, where defensive pleadings have been filed sufficient to make an issue, he must *prove* that the property retaken was disposed of according to the terms of the contract and within a reasonable time after the retaking; the credits due to defendant by reason of prior payments; the amount realized by him upon the resale; the expense of retaking and resale, and the deficiency prayed for. *Pethel* v. *General Finance & Thrift Corp.,* 83 *Ga. App.* 562, 565 (63 S. E. 2d 907); *Barrett* v. *Distributors Group, Inc.,* 85 *Ga. App.* 529, 530 (69 S. E. 2d 810). Such was not done in the case before us since the trial court sustained the plaintiff's general demurrer and struck all the defendant's defensive pleadings. Accordingly, the trial judge erred.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*