### 35876. Trusco Finance Company *v.* Lewis.

Felton, C. J. 1. Where an action by a corporation on an unconditional contract in writing is converted into an action for a deficiency judgment on a note given in connection with a conditional-sale contract by an amendment alleging a sale of an automobile by the plaintiff, under power contained in the contract for which credit is given on the note, the action is not one on an unconditional contract in writing requiring verification of the answer. *Barrett* v. *Distributors Group, Inc.*, 85 *Ga. App.* 529 (69 S. E. 2d 810). The allegations contained in the amendment to the petition were automatically denied and the plea and answer were not subject to general demurrer. *Newkirk* v. *Univ. C. I. T. Credit Corp.*, 92 *Ga. App.* 1 (90 S. E. 2d 618).

2. The court overruled the special demurrer to the paragraph of the answer which alleged that the automobile "was released by the defendant as full satisfaction of the note given as security," the ground of demurrer being that the paragraph did not set forth the name and authority of the plaintiff's agent who made the accord and satisfaction alleged. The court erred in overruling this demurrer. The answer did not allege that the defendant did not know the name of the agent, and the error in this respect might have been cured on the trial by proof of such fact, but the answer should have alleged the authority of the agent who purportedly made the contract of accord and satisfaction. (The charge of the court is not before this court and it cannot be said that the error in the last respect was harmless because of the withdrawal of the issue of accord and satisfaction from the jury.) *Stewart* v. *Peerless Furniture Co.*, 70 *Ga. App.* 236 (28 S. E. 2d 396) ; *Ailey* v. *Lindale Co-operative Store*, 33

*Ga. App.* 63 (125 S. E. 717); *Baldwin Fertilizer Co.* v. *Thompson & McAlister,* 106 *Ga.* 480 (1) (32 S. E. 591).

The court erred in overruling the special demurrer to the answer and the further proceedings were nugatory. The court did not err in overruling the general demurrer to the answer.

*Judgments affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*

DECIDED NOVEMBER 23, 1955.

*Levy, Buffington & Levy,* for plaintiff in error.
*E. T. Hendon, Jr.,* contra.