## 38447. FLURY v. THE STATE.

FRANKUM, Judge. Where, as in the instant case, a motion for a new trial was filed within the time provided by law and during the term of court in which the verdict was rendered and which motion included an order setting a hearing in time of vacation, the term is extended for the case until the date named. *McWane Cast Iron Pipe Co. v. Barrett,* 72 Ga. App. 161 (33 S. E. 2d 528). A written order must be taken for a further extension of time for the hearing beyond that set in the original order (*Napier v. Heilker,* 115 Ga. 168, 41 S. E. 689; *Atlanta K. & N. Ry. Co. v. Strickland,* 114 Ga. 998, 41 S. E. 501; *Shepherd v. State,* 79 Ga. App. 694, 54 S. E. 2d 503), or the motion goes over to the next regular term by operation of law. *Hardin v. Manry,* 210 Ga. 747 (82 S. E. 2d 845); *Perry v. State,* 12 Ga. App. 573 (77 S. E. 879). See *Code* §

70-302. The original order in the instant case set the hearing on the motion for a new trial for April 21, 1960, a day in vacation. At such date the trial judge entered an order continuing the hearing to May 5, 1960. Thereafter, the next regular term of the Laurens Superior Court, as fixed by statute, would have convened on the fourth Monday of July, 1960. No order appears in the record continuing the hearing from May 5, 1960, to May 19, 1960, at which time the trial judge denied the motion for a new trial without notice to and in the absence of the plaintiff in error or his counsel. There appears no application for a hearing by either party under the provisions of *Code* §§ 24-2618 and 24-2619. The trial judge being without jurisdiction to enter the order denying the motion for a new trial, the ruling must be reversed and set aside.

*Judgment reversed. Gardner, P. J., Townsend and Carlisle, JJ., concur.*

DECIDED SEPTEMBER 16, 1960.

*J. A. Merritt*, for plaintiff in error.
*Harold E. Ward, Solicitor-General*, contra.