38479.   PETERS v. AMERICAN DISCOUNT COMPANY.

DECIDED OCTOBER 18, 1960.

*Franklin B. Anderson,* for plaintiff in error.

*Powell, Goldstein, Fraser & Murphy, Robert R. Harlin, James L. Rankin,* contra.

FELTON, Chief Judge. The plaintiff contends that a verdict was demanded in his favor under the rule in *Tifton Chevrolet Co. v. Mathis,* 44 Ga. App. 839 (163 S. E. 308) and *Dasher v. Williams,* 30 Ga. App. 122 (117 S. E. 108). There was no rescission of the contract as a matter of the law under the *Mathis* case, supra, for the reason that the evidence was conflicting as to whether the plaintiff made a tender of the September 7th instalment. The court was authorized to find that no such tender was made. No finding was required that there was a rescission under the *Williams* case, supra, in that there is no evidence that the Discount Company repossessed the property and treated it as its own without giving the buyer any credit for its value. The Ford was repossessed on October 5, 1959. The trover action was filed on October 13, 1959. There is no evidence whatever, as stated, to show that the Discount Company treated the Ford as its own after repossession. The Ford had been damaged extensively and it would seem that the Discount Company would have the obligation to the plaintiff to decide whether to have the Ford repaired before selling it under the power granted in the conditional-sale contract so as to obtain the best possible price and if it decided that it was to the best interest of all concerned to have the car repaired, it should be allowed a reasonable time for having such repairs made without being charged with any misconduct with reference thereto. It can not be inferred from the mere fact that the discount Company retained possession of the Ford for one week after possession that it had treated the Ford as its own since repossession and had therefore rescinded the conditional-sale contract. The record is silent as to whether the car had been repaired and sold or sold without repair and that the defendant had failed to give proper credit on the contract to the plaintiff. The repossession of property under the terms of a conditional-sale contract does not in itself rescind the contract. *Barrett v. Dis-*

*tributors Group, Inc.,* 85 Ga. App. 529 (69 S. E. 2d 810) ; *Carter
v. General Finance & Thrift, Inc.,* 96 Ga. App. 423 (100 S. E. 2d
99) ; *Phillips v. Drake Motor Co.,* 68 Ga. App. 618 (23 S. E. 2d
538) ; *Hargett v. Muscogee Bank,* 32 Ga. App. 701(5) (124 S. E.
541).

The court did not err in overruling the motion for a new trial.
*Judgment affirmed. Nichols and Bell, JJ., concur.*