## 38692.   MOBLEY v. GENERAL MOTORS ACCEPTANCE CORPORATION.

DECIDED APRIL 13, 1961—REHEARING DENIED APRIL 28, 1961.

*Oze R. Horton,* for plaintiff in error.

*Wilkinson & Walker, A. Mims Wilkinson, Jr., Edwin F. Hunt,* contra.

BELL, Judge. ■ The first exception of the defendant to be considered is to the order of the trial court of February 4, 1960, which stated that the defendant's grounds of demurrer filed February 27, 1959, were each and all overruled because the plaintiff, by amendment to the petition, had met the criticism of these grounds. With the overruling of these demurrers we agree. The amendment to the petition setting forth the conditional-sale contract sued upon met some of them, and the others were without merit. Furthermore, the plaintiff's argument upon appeal does not consider these grounds of demurrer, so they are regarded, under numerous rulings of this court, as abandoned.

■ One of the contentions of the defendant is that the conditional-sale contract sued upon was not transferable because it did not contain words of negotiability. However, choses in action arising upon a contract may be assigned so as to vest the title in the assignee. *Code* § 85-1803. Furthermore, the contract form of the conditional-sale contract utilized expressly contains provisions for assignments. The contentions of the defendant that it was not transferable, and that it was not properly transferred, are without merit.

■ The next ground of exception is to the trial court's ruling on the defendant's motion to strike the plaintiff's amendment of September 28, 1959. These objections to the allowance of the plaintiff's amendment were, in essence, that the copy of the contract attached to the petition as Exhibit "A" was not "the same as attached to the original copy of the suit."

A comparison of the final exhibit attached to the petition to which the defendant objected with the original and the first substituted exhibits reveals that it is the same contract as attached to the original petition. The plaintiff is permitted to amend his petition whenever there is enough to amend by. *Code* § 81-1302, defining what constitutes enough to amend by, provides, "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, shall be enough to amend by . . .

If the declaration shall omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment." We agree with the trial court in its ruling that the plaintiff's petition under this statute set forth enough to amend by. Here, under the evidence, the final amendment to the plaintiff's petition was made so as to conform the copy of the conditional-sale contract sued on to the original. This is permissible. *Chapman v. Skellie*, 65 Ga. 124 (1); and *Rollins v. General Acceptance Corp.*, 92 Ga. App. 394 (88 S. E. 2d 520). The trial court properly denied the defendant's motion to strike the amendment.

■ The next exception of the defendant is to the order of the trial court of April 6, 1960, which provided, "It appearing from the record that the defendant has failed to plead his cross-action in consecutively numbered paragraphs as required by an order entered November 23rd, 1959, it is now considered, ordered and adjudged that said cross-action be dismissed and stricken." *Code Ann.* § 81-103 provides that all petitions in the superior court for either legal or equitable relief or both shall set forth the cause of action in orderly and distinct paragraphs, numbered consecutively. In *McConnell v. Smith*, 18 Ga. App. 618 (90 S. E. 88), this court held, "A petition not subdivided into paragraphs at all would evidence such a disregard of the requirements of the law that the same should be dismissed on motion . . . " It is difficult to define what would be an orderly paragraph, and this determination must be left largely to the discretion of the trial judge. We think that a cross-action in the nature of a petition brought by the defendant against the plaintiff falls within the provisions of the above statute, and the trial judge may properly require that the cross-action be subdivided into paragraphs. Here the record reveals that the portion of the defendant's pleading which set forth the cross-action comprised ten unnumbered paragraphs extending over three pages, and contained long recitations of alleged facts. Under these circumstances the trial court did not abuse its discretion in striking the defendant's cross-action.

■ The defendant's next exception is to the trial judge's di-

recting the jury to render a verdict in favor of the plaintiff for the unpaid balance sued upon under the conditional-sale contract, the defendant's contention being that there were present facts and issues which the court should have submitted to the jury. In urging this exception, the defendant set forth as issues which should have gone to the jury: that the defendant did not purchase an Oldsmobile "98" as shown on the contract, but bought an Oldsmobile "88"; that the defendant understood the contract was at an end when he returned the car; that the jury should have been allowed to pass upon his plea of non est factum; and, in essence, that there was at least a partial failure of consideration. A review of the evidence clearly reveals that, while the defendant filed his sworn plea of non est factum, he admitted the validity of his signature on the contract sued upon. He further admitted in his testimony that he looked at only one automobile—the one which he received under the contract, accepted, and drove for two months, and then returned to the plaintiff. He further admitted that the amounts to be paid and the duration of the payments which he agreed to were as set out in the contract. His testimony on the return of the car is not in any way sufficient to show any accord and satisfaction or rescission of the contract. Thus, "Q. What was your agreement? What was said? What did you take it back now? A. Well, I was the one actually wanted to turn it back in, because I didn't want the car. Q. Why didn't you want it? A. It wasn't in the shape I thought it was in when I bought the car. Q. Was that car, in your opinion, worth $1,794? A. In my opinion, the car wasn't worth $500. Q. What would you say the car was worth? A. At the time I bought it? Q. Yes. A. About $995, $1,095— that would have been a good price at that time." The mere fact that the defendant returned the car because he wanted to turn it back; that he didn't want the car; and that it was not in the shape he thought it was when he bought it does not show any mutual rescission of the contract nor any failure of consideration. The defendant's testimony as a whole contains many contradictions. Construing his testimony most strongly against him, the trial court properly directed a verdict for the plaintiff for the unpaid balance due on the contract. There was here no sub-

stantial conflict in the evidence, and that introduced with all reasonable deductions demanded the verdict. The defendant admitted a prima facie case for the plaintiff when he acknowledged: execution of the contract; that the payments were accurately set forth; that he received the car sold under the contract; and admitted his signature on the particular contract. The plaintiff's evidence proved sufficient facts to authorize the recovery of a deficiency judgment under the rules laid down in *Newkirk v. Universal C. I. T. Credit Corp.*, 93 Ga. App. 1 (3), 5 (90 S. E. 2d 618).

■ We now come to the final exception of the defendant to the overruling of the motion for new trial on the general grounds, which, in the language used, stated that "because the defendant had made out a case in favor of his plea of non est factum and of failure of consideration as well as other pleas, and the court failed in directing a verdict and not directing upon which plea such verdict was directed, and such direction of the verdict being erroneous, the court should have, and erred in not granting a new trial."

As previously indicated, the analysis of the evidence reveals that the plaintiff: proved its case as laid by showing that the property taken was disposed of according to the terms of the contract and within a reasonable time after the retaking; proved the credits due to the defendant by reason of prior payments; proved the amount realized by it upon the resale; did not claim any expenses for retaking and reselling; and proved the deficiency prayed for. *Newkirk v. Universal C. I. T. Credit Corp.*, 93 Ga. App. 1 (3), 5, supra; *Pethel v. General Finance &c. Corp.*, 83 Ga. App. 562 (63 S. E. 2d 907); *Barrett v. Distributors Group, Inc.*, 85 Ga. App. 529 (69 S. E. 2d 810). Furthermore, the defendant admitted execution of the contract, that the payments were accurately set forth, and that the car he received was the car he looked at and later returned. There being no substantial issue to submit to the jury, the court properly directed the verdict, and since this is so, the overruling of the motion for new trial on the general grounds was not error.

■ In this case the record shows that the trial judge, on June 7, 1960, passed his order setting the time for the hearing on

the rule nisi accompanying the motion for new trial on October 4, 1960. The record does not reveal whether the hearing was actually held on October 4th. The record does show that the brief of evidence was filed on October 10, 1960. The order on the motion recites, "The within motion coming on for hearing, after hearing, the same is overruled & denied. This Oct. 10, 1960." There is a presumption, nothing to the contrary appearing in the record, that the proceedings were carried out in a regular manner, and here it will be presumed that the hearing was appropriately continued to October 10th, at which time the order was passed.

The defendant urges that the case of *Flury v. State,* 102 Ga. App. 393 (116 S. E. 2d 346), requires that the court pass a formal order in writing to extend the hearing on the motion beyond the date set in the rule nisi attached to the motion. We do not agree. The rule in the *Flury* case is based on *Hardin v. Manry,* 210 Ga. 747, 748 (82 S. E. 2d 845), where the original order set the hearing on the motion for new trial at a time in vacation. In both of those cases *Code* §§ 24-2618 and 24-2619 were cited. These sections are concerned with hearings for motions for new trial and other matters *in vacation.* Further, all of the cases cited in the *Flury* case had the hearing on the motion for new trial set in vacation. In the present case the hearing on the motion for new trial was set for a date within a succeeding regular term.

The rule in the *Flury* case is simply that: (1) An order for a hearing upon a rule nisi entered in term time but setting the date for the hearing in vacation has the effect for that particular hearing of extending the term; (2) If the hearing is not to be held on the date set in vacation, it may by written order of the court be set for a later date in vacation. This has the effect of further extending the term as to that particular hearing; (3) If the hearing is not had on the date set in vacation, and no written order extending the hearing date is entered, the hearing date is automatically extended to the next regular term by operation of law; (4) Hence, if only the procedure in (3) occurs, any hearing subsequently had in vacation on the rule nisi is void and of no effect.

Where a hearing upon a rule nisi attached to a motion for a

new trial is originally ordered by the court for a date falling within the next regular term of court, no further written order is required to extend the hearing to a subsequent date within the term. This is the rule governing this case, and the rule in the *Flury* case does not apply.

Judgment affirmed. *Felton, C. J., and Nichols, J., concur.*