### 36535.   HUTCHINSON *v.* ATKINS *et al.*

QUILLIAN, J.   1.   While it is true that Code § 70-305 requires that immaterial portions of the transcript of evidence be stricken therefrom, this rule is for the benefit of the court and not the parties litigant. *Hargett* v. *Muscogee Bank,* 32 *Ga. App.* 701 (1) (124 S. E. 541). The brief of evidence in the present case while containing immaterial portions of the transcript of evidence was only five pages in length and this court does not feel that it has been inconvenienced by the failure to remove these immaterial portions of the transcript. Therefore, this court will rule on all assignments of error properly before it in this case.

2.   Where a defendant may have a remedy over against another he must give the vouchee notice of the pendency of the suit before the judgment rendered therein shall be conclusive upon the party vouched, as to the amount and right of the plaintiff

to recover. Code § 38-624. In the present case the following notice was sufficient to satisfy the requirements of this Code section: "Southeastern Fire Insurance Company vs. Charlie Hutchinson. Case No. 6459, Floyd Superior Court. April Term, 1955

To: Clyde Atkins, Charlie Selman, and Tom Brooks, d/b/a Atkins Motor Co.

You and each of you are hereby notified that Southeastern Fire Insurance Company in the above styled case has filed a trover suit against Charlie Hutchinson to recover a 1951 Mercury automobile having motor #51SL-81206M to which they claim title. You are notified that Charlie Hutchinson has a bill of sale from Atkins Motor Company dated to wit, August 22, 1953, describing said automobile and this is to give you notice of the suit pending and commanding you to appear and defend title to this property. This notice is given you in accordance with Code Section 38-624 of the laws of Georgia.

s/ J. S. Kilpatrick

J. S. Kilpatrick, Attorney At Law, for Charlie Hutchinson, defendant in said suit."

3. In the present case the plaintiff pleaded that he had paid the judgment rendered against him in the previous suit into which he had properly vouched the defendant. The plaintiff did not prove this allegation, but this would not support the judgment of a nonsuit because the trial judge ruled previously to the conclusion of the plaintiff's evidence that there had been no proper vouchment effected upon the defendants. After this ruling it would have been useless for the plaintiff to have proven that he had paid the judgment. "When the court has erroneously ruled out evidence without which the plaintiff could not possibly recover, his failure to go on and prove other essential facts, will not cure the error and sanctify a judgment of nonsuit." *Miller* v. *Speight*, 61 *Ga.* 460 (3); *Vaughn* v. *Burton*, 113 *Ga.* 103 (2) (38 S. E. 310); *Henderson* v. *State*, 123 *Ga.* 739, 742 (51 S. E. 764).

4. The trial judge erred in granting a nonsuit.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*

DECIDED JANUARY 30, 1957.

*Covington & Kilpatrick,* for plaintiff in error.
*Maddox & Maddox,* contra.