## 37693. HEARD *v.* HEARD.

DECIDED JUNE 25, 1959—REHEARING DENIED JULY 8, 1959 AND JULY 15, 1959.

*Conger & Conger, J. Willis Conger,* for plaintiff in error.
*Custer & Kirbo,* contra.

CARLISLE, Judge. Edward D. Heard brought suit for damages for personal injuries against Jack D. Heard in the City Court of Bainbridge. On the trial, the jury returned a verdict of $6,000 for the plaintiff. The defendant made a motion for new trial on the general grounds and on nine special grounds. That motion was denied and the exception here is to that judgment.

In oral argument before this court counsel for the plaintiff in error have expressly abandoned the general grounds and all special grounds of the motion for new trial except grounds 1, 6, 7, 8 and 9. Accordingly, only the latter grounds of the motion are considered.

■ Counsel for the defendant in error have suggested in this court that the brief of the evidence filed in this case is not such as complies with the rule established in Code (Ann.) § 70-305 in that it is interspersed with objections, colloquies and rulings of the court, etc. As has been said, this rule is for the benefit of the court and not for the parties litigant (*Hargett* v. *Muscogee Bank,* 32 *Ga. App.* 701 (1), 124 S. E. 541, and *Hutchinson* v. *Atkins,* 95 *Ga. App.* 33 (1), 96 S. E. 2d 619). The brief of evidence in this case occupies some 25 pages in the record, and it is not apparent from a perusal of the matter contained therein that counsel for the plaintiff did not make a bona fide effort to brief the evidence or to omit immaterial and irrelevant matter. The only portion of the brief to which this question relates is that portion which sets forth the evidence and objections thereto as complained of in special ground 2 of the motion for new trial. Evidently, counsel for the plaintiff in error deemed it advisable to set forth what transpired on the trial at that point somewhat more fully than is usually necessary in order that his objection and assignment of error in special ground 2 might be more readily understood, and we cannot say that the judgment of counsel in this respect was wrong, or penalize the plaintiff in error for that decision. Accordingly, this court cannot say that it has been inconvenienced by the failure to remove the asserted immaterial portions of the transcript, and this court will accordingly rule on the assignments of error properly before it.

■

■ The first special ground of the motion for new trial complains of the admission in evidence of certain testimony of a medical witness for the plaintiff. The evidence showed that the plaintiff had his right femur broken when an automobile driven by the defendant and in which the plaintiff was riding as a passenger collided with a tree. This injury occurred in Bainbridge, Georgia. The plaintiff, at that time being a member of the armed services, was taken to the hospital at Turner Air Force Base, near Albany, Georgia, and was from there transferred to the hospital at Fort Benning, where he was operated on to accomplish the reduction of the fractured femur. The witness, whose testimony was objected to and the admission of which is complained of in special ground 1, testified that the operation was actually performed by two other surgeons, that he was not present when the operation was performed, and that he saw the patient each day before and after the operation. Counsel for the plaintiff asked the witness, "After he was operated on, what did you find that had been done to him in the way of an operation?" The witness began to answer this question by stating that the patient was in bed in the hospital ward and that he had a bandage on his right thigh. At this point, counsel for the defendant objected to the doctor testifying about an operation which he did not perform and at which he was not even present, the objection being on the ground that the testimony as to that would be hearsay. The trial judge declined to pass on the objection at that time, his ruling being in effect that he would hear the evidence and then pass on its admissibility. The witness was then permitted to continue his answer as follows: *"He had an operation but—consisted of an incision on the outer side of his thigh. The muscles were pulled back from the bone and the bone set, that is, placed in its normal position, then a metal nail was pushed up the—inside of the upper portion of the bone and was drawn thru a small incision at the hip and then, while the bone was held again in its normal position, the metal nail was driven down into the lower portion of the broken bone—such that the two fragments then were nailed together. The incision was then sewn together and he was transferred down to the ward with his leg in a splint and with a bandage applied to the thigh in the*

*region of the incision."* Counsel for the defendant then stated to the court: "Now, if Your Honor please, I renew my objection. Dr. Garrett was not present and did not perform the operation and any answer he gives as to what happened is hearsay." To this objection, the court again stated that it would pass on its admissibility later.

Counsel for the plaintiff next began to ask the witness about the medical records of the plaintiff and the witness stated that some of the records were handwritten by him, others were dictated by him and signed by him, and some were dictated by other doctors who were working with him, that these records were made in the regular course of the functioning of the hospital. Counsel for the defendant then made the following objection: "If Your Honor please, I move that all of this testimony be excluded on the ground of hearsay, in that the records made and prepared by him are not identified as such and are not distinguished from the records made and prepared by others, because he did not distinguish between the records. I move that the testimony from those records be excluded because it is entirely hearsay." The court again stated that it would pass on the objection later. The witness was then asked to explain what is meant by "the butterfly fragment which was repositioned and how it was held with an encircling stainless steel suture." To this question, the witness answered: "A butterfly fragment is called a butterfly fragment because it is in the shape of—at least, to some people it resembles a butterfly in shape. It's merely a portion of the bone in the region of the break—that has broken away from the main body of the bone—as a separate fragment. *At the time of this operation, the broken off fragment of bone was put back where it belonged and held in this position by a piece of steel wire that was wrapped around the bone and tightened—knotted."* Again counsel for the defendant objected to this answer on the ground that it was hearsay.

Next, the witness was asked to explain "the Hanson Street nail," and to describe its length and size and tell how it was inserted. Counsel objected to this question on the ground that it called for a conclusion and that the answer was necessarily based on hearsay because the witness had previously stated that

he did not perform the operation. To this objection the court stated that he overruled it and that the witness could testify "what a Hanson Street nail is." The witness answered the question as follows: "The Hanson Street nail is a stainless steel nail. It comes in a variety of sizes, depending on the size of the bone. *In this instance, it was approximately 16½ inches in length.* Its diameter is about 5 by 7 milimeters or roughly a quarter of an inch. It's diamond shaped in cross sections. One end of it is fitted with a pointed end that has threads that permit instruments to be screwed on the end of it. This nail is placed inside the bone in a hollow marrow cavity."

The witness was next permitted to answer the question as to his practice in later removing the nail after its insertion in the patient's bone, this testimony relating to general practice of the profession and not specifically to what was done in this case. It was not objected to, and immediately thereafter counsel for the plaintiff asked the witness, "Let's go back for a second, to this operation which you said took place on April 22nd. How many incisions had to be made in connection with that operation? You say there was one up at the hip. Now, was there any other?" Again counsel for the defendant objected to this question and to the anticipated answer on the ground that it was hearsay. At this point the court overruled the objection stating that he was inclined to think that the testimony was based on professional opinion, and the witness answered: *"There was one incision along the outer side of the thigh, thru which the broken bone was approached. Then, the second, smaller incision up higher on the leg at hip level—where the nail was withdrawn thru the—where it was withdrawn, as it was pounded into the upper bone fragment."*

On cross-examination the witness stated that he was assistant chief of orthopedic surgery at Fort Benning, Georgia, but that he was not charged with the responsibility of completing or storing the records. "Q. And all that you testified about in connection with the operation is based necessarily upon hearsay, what you were told, either in writing or orally? A. Well, that's true." At this point, counsel for the defendant again renewed his objection to all the testimony of the witness as being hearsay and the court

then ruled, "I sustain your objection so far as it appears to be based on hearsay testimony unless it is based on testimony derived from his professional experience, as an expert in that line."

The evidence which was objected to as complained of in this ground of the motion for a new trial and which we have quoted above in italics was clearly inadmissible under the hearsay rule. Code § 38-301. When read in its context, it is clear that counsel for the defendant made a sufficient and specific objection to the particular evidence which he considered inadmissible and that the trial judge had a duty to rule on that objection at the time it was made and before the evidence was introduced.

When the first objection to this evidence was made, it was the duty of the trial court at least to interpose and instruct the witness that he should testify only as to facts within his personal knowledge and that he should not testify as to facts or information which he received from others. As has been said, the trial judge is more than a mere chairman preserving order at a meeting or a mere moderator of a debate, but he is a minister of justice with a duty to govern the progress of a trial, and where possible, to prevent the introduction of inadmissible evidence and to this end guide the course of the trial and promptly rule out inadmissible evidence when it is timely objected to. See, 88 C. J. S. 93, 94, Trial, § 36, n. 31 and cits. The duty of the trial judge to rule on the admissibility of evidence when a proper and timely objection is made was not satisfied in this case by the final ruling of the judge which completely failed to instruct the jury as to what evidence was admitted and what evidence was excluded. The definition of hearsay evidence as set forth in Code § 38-301 is for the benefit, instruction and guidance of the court. The jury are not presumed to know the technical definition of hearsay evidence or to be able to apply that definition to a mass of evidence and as it were, "winnow the chaff from the wheat." It is the duty of the court to perform this task for them.

It is contended by the defendant in error that this ground of the motion for new trial is without merit because substantially the same evidence was introduced in the testimony of the plaintiff without objection and that, consequently, counsel for the de-

fendant by not objecting had waived his objection as to the testimony of the doctor. This contention is without merit. The testimony of the plaintiff referred to was as follows: "He was operated on and has seen the scars from the operation, and he has about a three-inch scar along his hip; they split his leg open and drove a pin through the center of the bone and went in and took a wire clamp and clamped the butterfly flap to that. The gash in his leg was sewed with wire stitches, laced up like a shoe. When he was brought back from the operating room, they put him in traction, and he had a weight by his foot and by his hip." Before testifying as above the plaintiff testified that he had passed out from the pain in his leg when the hospital attachés began to prepare him for the operation. The evidence shows that what the plaintiff testified to was in fact hearsay since he could not, under the evidence, have had direct knowledge of those facts. However, as will be seen by comparing his testimony with that of the doctor, the plaintiff went into far less detail than did the doctor as to how the operation was performed, and it cannot be said, therefore, that his testimony was substantially identical with that of the doctor which was objected to, as complained of in this ground of the motion. For this reason, counsel for the defendant may well have deemed the plaintiff's testimony in this regard of so little consequence as to be unworthy of objection. Having exercised his discretion in this regard, he ought not to be penalized by being held to have waived his objection when at a later time in the trial of the case similar evidence, but in far greater detail and of greater potential harm, was offered over his objection. It follows that the trial court erred in overruling the first special ground of the motion for new trial.

■ Special ground 6 complains of the following charge: "Gentlemen, this is a suit for damages, and the attorneys have presented to me, in your presence, the law in this case." Special ground 7 complains of a portion of the charge as follows: "Many cases of this type and nature have been to the higher courts of this State, and Mr. Custer and Mr. Conger both have read those decisions to me, the court, in your presence, which you were allowed to hear and to pass upon as you see fit." Each of these

grounds assigns error in the following language: "Movant avers that said charge was erroneous and not sound as an abstract principle of law." Special ground 8 complains of the following portion of the charge on the ground that it was confusing and misleading to the jury in that it gave contradictory instructions as to what law the jury should apply in consideration of the case, and that the charge was unsound as an abstract principle of law: "Before retiring, I would like to make this statement. I did, in the beginning, refer to the law which was read to the court by counsel for the plaintiff and for the defendant, that is, the law is not supposed to be read to you, but the charge of the court is the law, and the law as given you in charge by the court you will abide by. I only intended to refer to it as being the law of the case, which I would not re-read again, because you had already heard it, but that is the law that I intended for you to apply in a preponderance of the evidence of this case."

All of these grounds are inter-related and will be considered together. It does not appear from any of these grounds themselves or from any reference contained therein what propositions of law were read to the court by counsel in the presence of the jury. So far as this court knows, counsel for each side could have read the same cases or identical propositions of law from different cases contending that the propositions thus read were applicable to the case. It is not apparent from these grounds of the motion or from the record that the propositions of law read were conflicting or that some were applicable to the case while others were not. It is impossible to tell from the motion for a new trial or from the record what language was thus incorporated into the charge by reference. While we are aware that under the provisions of Section 3 of the Act approved March 7, 1957 (Ga. L. 1957, pp. 224-232; Code, Ann., § 6-901), it is no longer necessary that each ground of a motion for a new trial be complete and understandable within itself (*Harris* v. *State*, 96 *Ga. App.* 395, 400, 100 S. E. 2d 120), it is, nevertheless, still the law that the plaintiff in error has the burden of showing error (*Webb* v. *Walker*, 213 *Ga.* 285 (1), 99 S. E. 2d 75), and as to the assignments of error embodied in these special grounds of the motion for new trial, it is impossible for this court to ascertain from

these grounds or from any reference contained therein or from the record before this court whether harmful error was in fact committed. In order to rule on the merits of the contentions thus made, this court would have to speculate as to the existence of facts not shown. This the court will decline to do. An examination of the charge of the court shows that the judge fully charged the jury on the essential law of the case, and substantially covered all of the main issues therein. Under all of the circumstances of this case, these grounds of the motion for new trial do not show reversible error.

■ In special ground 9 error is assigned on the following charge: "Gentlemen, if you find that the plaintiff is entitled to recover, you should not consider in your verdict as to where the proceeds to pay this amount might come from because that is not a question for the jury. You are to pass upon it according to the preponderance of the evidence, and let your verdict speak the truth for what amount it should be regardless of whether or not it is paid by the defendant himself or someone for him," on the ground that it re-emphasized to the jury that this was a matter involving someone other than the defendant "and that if they returned a verdict, it would be paid by someone, namely an insurance company, on behalf of the defendant." This ground of the motion cannot be considered inasmuch as it is so incomplete that this court is unable to ascertain therefrom whether any error was committed by the trial judge in the charge. It requires no citation of authority to answer the contention that the charge stated an erroneous proposition of law, since it clearly did not. However, it is not necessarily apparent from this ground that the question of insurance was injected into the case by this charge, or, if it be conceded that this charge did inject the question of insurance into the case, that such question had not previously been injected by evidence or by argument of counsel. Under the authority cited in the preceding division of the opinion, this ground of the motion was not sufficient to raise any issue for consideration by the court and the trial court did not err in overruling this ground.

*Judgment reversed. Townsend, J., concurs. Gardner, P. J., concurs in the judgment.*