## 55905. MASON v. THE STATE.

WEBB, Judge.

Carl Mason, Jr. was indicted and tried in Clayton County for unlawfully possessing with intent to distribute more than one ounce of marijuana in violation of the Georgia Controlled Substances Act. The evidence showed that on March 11, 1977, GBI narcotics agent F. S. Hall met Mason in White County. Mason told Agent Hall that he had about 150 pounds of marijuana and they dickered over the price, Mason finally agreeing to transport it to Atlanta for sale at $70 an ounce. They left for Atlanta with Hall following Mason who was driving a green van with the marijuana in it, stopping once at a service station in Riverdale where it had been arranged that GBI Agent R. F. Jordon would meet them. Agent Jordon told Mason that he had $10,000 and asked if that

would be enough to buy the marijuana. Mason replied affirmatively and the three men went to a warehouse on Clark Howell Highway. Jordon was unable to open the door and at this point it was agreed that a surveillance team should go ahead and arrest Mason, who was sitting in his van with the motor running looking "apprehensive." Jordon looked in the van where in plain view he could see three large plastic garbage bags. The van was entered and searched and eight more bags were found in a large wooden box. Mason testified in his own behalf that he had grown the marijuana for his personal use but wound up with a great deal more than he anticipated; that he had been a fireman in Hall County and would never have taken the marijuana to Clayton County had it not been for the inducements of one Roy Martin; and that he did not want to be involved in an illegal act and was fearful of losing his job. He was found guilty and appeals.

1. Mason enumerates as error the overruling of his motion to suppress evidence on the ground that an illegal warrantless search of his van occurred, citing United States v. Chadwick, 433 U. S. 1 (97 SC 2476, 53 LE2d 538) (1977). We find that case inapplicable since the footlocker searched there had just been removed from a train to an open car trunk, and the search was not conducted at the scene of the arrest but an hour and a half later at the federal building. The instant case involves the classic situation in which a warrantless search of an automobile for contraband goods is authorized. See, e. g., *Meneghan v. State*, 132 Ga. App. 380, 382 (2a) (208 SE2d 150) (1974).

2. Over objection the state introduced a certified copy of an indictment and conviction in Hall County for possession of marijuana where Mason had been found guilty on July 23, 1977 for an offense which occurred on February 11, only a month before he was arrested in Clayton County.[1] While it is true, as urged by Mason, that as a general rule evidence of wholly distinct and separate crimes is inadmissible against the defendant as violative of the prohibition against putting his character in

---

[1] See *Mason v. State,* 146 Ga. App. 557 (1978).

evidence, where there is some logical connection between them so that proof of one tends to establish the other, such evidence may be admissible. *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515) (1977) and cits.; *Graddy v. State,* 135 Ga. App. 69 (2) (217 SE2d 393) (1975).

Here Mason testified on direct examination that prior to his arrest on March 11 he had been a fireman. He grew the marijuana for his own personal use, but Roy Martin urged him to sell it. He tried "to tell him over and over, I was scared of losing my job and everything I had," but Martin told him he would turn him in to the law if he didn't go through with the deal. He swore that he was entrapped by Martin and would never have brought the marijuana to Clayton County had he not been entrapped, and that before he contacted Martin and Agent Hall, he "had not made any attempts to sell or distribute it to anybody." However, on cross examination he stated that the eleven or twelve pounds of marijuana which he was convicted of possessing with intent to sell in Hall County came from the same harvest as that involved in the Clayton County trial.

Thus Mason's state of mind or intent became crucial, and the issue was created by his own testimony. Having opened the door to this line of inquiry, there was no error in allowing the state to disprove it. *Perkins v. State,* 141 Ga. App. 893 (2) (234 SE2d 715) (1977); *Barrett v. State,* 140 Ga. App. 309 (2) (231 SE2d 116) (1976); *Shepherd v. State,* 239 Ga. 28, 29 (2) (235 SE2d 533) (1977).

3. The judge charged the jury that the Hall County conviction was admitted solely for the purpose of illustrating Mason's state of mind, if it did so illustrate, and for no other purpose. The charge as given was adequate, it not appearing that Mason made a request for special instructions on this matter. *Wilson v. State,* 145 Ga. App. 33 (5c) (243 SE2d 304) (1978).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED JUNE 7, 1978 — DECIDED JUNE 27, 1978 — REHEARING DENIED JULY 13, 1978 —

*Stephen E. Boswell,* for appellant.
*Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney,* for appellee.