## 64024. GOINS v. THE STATE.

POPE, Judge.

Appellant Gregory A. Goins and William Anthony Page were jointly indicted and tried for the murder of Mark Robert DesNoyers. Page was convicted of murder and appellant was convicted of voluntary manslaughter.

1. Appellant first enumerates as error the sufficiency of the evidence to support the verdict. Evidence was adduced at trial to show that appellant and his friend, Page, were hitchhiking together and were picked up by DesNoyers. While traveling together, the trio "smoked a couple of joints," took some red and black pills of DesNoyers' and stopped only to buy beer, gas and fireworks. Then, with DesNoyers still driving, they detoured to buy illegal drugs. When Page was unsuccessful in purchasing the drugs, a fight ensued between DesNoyers and Page in the course of which DesNoyers was killed. Asleep in the back seat, appellant testified that he awoke in time to see the argument begin. Appellant testified that the victim reached underneath the seat for a pair of scissors whereupon Page used his pocketknife to stab him. Expert testimony was introduced to show that the direct cause of death was a knife wound. Although appellant claimed that the body was left on the roadside, testimony was presented that the body was thrown into the river in which DesNoyers was later found, and that appellant later had possession of DesNoyers' watch, I.D. card, and car. Additional testimony was introduced to show that Page stated in appellant's presence that DesNoyers was killed by appellant to which appellant made no comment, and that appellant and Page told another that they had strangled the victim with a red nylon string. The evidence is

undisputed that, instead of informing the authorities, the body was disposed of and the pair kept the car.

Appellant was jointly charged with Page for DesNoyers' murder. Even though appellant may not have inflicted the fatal wound, he can be held criminally responsible for the murder as a party to the crime. See *Dixon v. State,* 243 Ga. 46 (1) (252 SE2d 431) (1979). Under Code Ann. § 26-801(a) "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." One is "concerned in the commission of a crime" where the person either directly commits, intentionally causes another to commit, intentionally aids or abets the commission of, or intentionally advises, or otherwise encourages another to commit the crime. Code Ann. § 26-801(b). The jury could reasonably have found that appellant's acts proved criminal responsibility as a party to the crime. See *Jones v. State,* 245 Ga. 592 (1) (266 SE2d 201) (1980). Viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found appellant guilty of murder beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Caffo v. State,* 247 Ga. 751 (1) (279 SE2d 678) (1981). Appellant, however, was not convicted of murder but of the lesser offense of voluntary manslaughter. In this regard, the Supreme Court has recently held: "[I]f the evidence supports a verdict of guilty in the more serious offense, and if there is slight evidence of the lesser included offense, a defendant who requests a charge on and is convicted of the lesser offense may not successfully urge the general grounds on appeal." *State v. Clay,* 249 Ga. 250, 251 (290 SE2d 84) (1982); *Ruff v. State,* 150 Ga. App. 238 (3) (257 SE2d 203) (1979). In this instance, appellant's counsel did not request the charge; counsel for Page did. However, when the court inquired as to whether appellant's counsel objected to such charge, he responded negatively. Thus, appellant waived his right to enumerate the charge on voluntary manslaughter as error. *Jackson v. State,* 246 Ga. 459 (271 SE2d 855) (1980); *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979).

As previously discussed, any rational trier of fact could have found appellant guilty of the more serious offense of murder. Therefore, under *Clay* and due to the waiver of objection on appeal to the charge on voluntary manslaughter, conviction of the lesser included offense of voluntary manslaughter is authorized on a showing of slight evidence. In the case sub judice, the evidence showed that at the time of the murder DesNoyers was in the driver's seat, Page in the passenger seat, and appellant in the back seat. According to appellant, he saw DesNoyers reach for a weapon to be used against his friend Page in their escalating fight. Although slight,

this evidence of passion and provocation was sufficient under the circumstances in this case to have convicted appellant of voluntary manslaughter under Code Ann. § 26-1102.

2. Appellant urges that the trial court erred in denying his motion to suppress Page's statement made to police. This contention is without merit. When faced with the same challenge to the admission of this statement in Page's appeal, our Supreme Court stated: "Two separate Jackson-Denno hearings were held at trial to determine the voluntariness of appellant's statement. The trial court's finding that appellant's statement was made following proper Miranda warnings and was voluntary is clearly authorized by the evidence. See *Pittman v. State,* 245 Ga. 453 (265 SE2d 592) (1980); *Crawford v. State,* 245 Ga. 89, 90 (263 SE2d 131) (1980)." *Page v. State,* 249 Ga. 648 (292 SE2d 850) (1982).

3. Based primarily upon his challenge to the admission of Page's statement and Page's decision not to testify at trial, appellant contends that the trial court erred in denying his motion for severance of the parties. "Only in the event of murder where the state insists on the death penalty may one of joint defendants elect to sever as a matter of right; otherwise severance is in the discretion of the trial court. Code [Ann.] § 27-2101." *Colvin v. State,* 155 Ga. App. 736, 737 (272 SE2d 516) (1980). In this case, the state did not seek the death penalty. The trial court's ruling will not be overturned unless its discretion on this issue was abused. *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975). "[T]he defendant bears the burden of making a clear showing of prejudice and a resulting denial of due process. . . ." *Duffy v. State,* 156 Ga. App. 847 (275 SE2d 658) (1980). Appellant has failed to show such prejudice. As both appellant and Page were jointly indicted for the same crime arising from the same incident, there was no confusion of evidence and law applicable to each. Nor were the defenses set up by each antagonistic to the other. Although Page's statement was read into evidence and Page did not testify, all references to appellant were deleted, and the jury was properly instructed as to its admissibility. Further, Page's statement did not substantially differ from appellant's own testimony and other evidence presented at trial. See *Cain,* supra at 129-130. *Johnson v. State,* 159 Ga. App. 109 (2) (282 SE2d 645) (1981); *Merrill v. State,* 130 Ga. App. 745 (2) (204 SE2d 632) (1974); *Moore v. State,* 129 Ga. App. 612 (1) (200 SE2d 320) (1973). The trial court did not err in denying the motion to sever.

4. Appellant enumerates as error the trial court's failure to adhere to its order granting the motion for individual voir dire and sequestration of jurors during voir dire. "Code Ann. § 59-705 gives defense counsel the right to examine jurors individually after the

usual voir dire questions have been put by the trial court to the jury as a panel. The right does not encompass isolated examination. The single purpose for voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination. The control of the pursuit of such determination is within the sound legal discretion of the trial court, and only in the event of manifest abuse will it be upset upon review." *Whitlock v. State,* 230 Ga. 700, 705-6 (198 SE2d 865) (1973). Appellant contends that the denial of sequestration and the court's requirement of pretrial submission of anticipated questions are such abuses of discretion. Upon review of the transcript of voir dire and perusal of the questions submitted and those actually asked, we hold that no abuse occurred. The court did not act arbitrarily, but rather its actions were within its power to control the efficient administration of the proceedings. Appellant was afforded a thorough examination of each prospective juror. Further, there is no demonstration to this court that the presence of other jurors impeded appellant's ability to examine any individual juror. See *Messer v. State,* 247 Ga. 316 (5) (276 SE2d 15) (1981).

5. Appellant assigns error to the trial court's refusal to give the following charge: "Where one jointly indicted with others for murder is on trial, if there is no evidence of conspiracy and the person on trial did not inflict the mortal wound, a verdict of guilty can not stand. *Fudge v. State,* 148 Ga. 149 (1) (95 SE 980) (1918). There being no evidence of conspiracy in this case and no evidence, direct or circumstantial, that Gregory A. Goins aided or abetted in any manner with the stabbing of Mark Robert DesNoyers by William Anthony Page, then the jury is authorized to find Gregory A. Goins not guilty." Failure to give this charge was not error. The transcript reveals that the court's refusal to give this charge was based upon its correct assessment of it as argumentative in character in that it commented on the evidence. See *International Assn. &c. Local 387 v. Moore,* 149 Ga. App. 431 (11) (254 SE2d 438) (1979).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 19, 1982.

William I. Sykes, Jr., for appellant.
Jeff C. Wayne, District Attorney, Patrick F. McMahon, Assistant District Attorney, for appellee.