64394. JOHNS v. THE STATE.
64395. FRAZIER v. THE STATE.

POPE, Judge.

Joseph Randy Johns and Richard Frazier appeal their convictions of escape from lawful confinement. *Held:*

1. Appellants enumerate as error the trial court's precluding them from asserting a defense of entrapment and also the court's refusal to charge on that defense. The evidence showed that appellants were inmates of the Georgia Department of Corrections at Wayne Correctional Institute. On February 13, 1981 appellants ran away from a work detail without authority but were recaptured a few hours later. Appellants based their defense of entrapment upon the allegation that prison officials knew in advance of the planned escape and encouraged another inmate, one A. C. Tisdol, to entice appellants to escape so that appellants could be shot.

Prison officials denied any advance knowledge of the escape. Although Tisdol was subpoenaed as a witness, he was never called to testify. The only evidence offered in support of the entrapment defense was Frazier's testimony that two prison employees once told him that he could be called outside at night under the pretense of having him "do some little old job" and could be shot trying to escape. However, he also testified that he was not told who would shoot him and that these employees did not threaten to shoot him themselves. Frazier testified that it was his fear for his life that caused him to

escape.

There was no testimony connecting prison officials with Tisdol's alleged escape plot other than, in the words of the trial court, Frazier's "paranoid attitude that they were trying to set him up. . . ." Code Ann. § 26-905 provides: "A person is not guilty of a crime if by entrapment his conduct is *induced or solicited by a government officer or employee, or agent of either* (,) for the purpose of obtaining evidence to be used in prosecuting the person for commission of the crime." (Emphasis supplied.) There is no evidence of record showing that the trial court in any way "precluded" appellants from presenting their evidence of entrapment. However, since they completely failed to present any evidence showing Tisdol to be a government officer or employee, or an agent thereof, the trial court did not err in refusing to charge on the defense of entrapment. Accord, *Thomas v. State,* 134 Ga. App. 18 (2) (213 SE2d 129) (1975), and cases cited.

2. Appellants also enumerate as error the admission of evidence of a conviction for an unrelated, previous escape by Frazier and the subsequent denial of their motion for mistrial. This evidence was admitted over objection during the state's cross-examination of Frazier. Appellants contend this evidence was inadmissible because it put their character in issue. The state counters that this evidence was admissible because appellants had already placed their character in issue by offering testimony indicating justification for their escape. The state also asserts that this evidence of a crime of a similar nature was admissible to show intent, as well as plan, scheme or design. We find no merit in the state's assertions.

"If the prisoner wishes to testify . . . he shall be sworn as any other witness and may be examined and cross-examined as any other witness, except that no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue." Code Ann. § 38-415. There is no evidence of record in this case by which appellants put their character in issue. We are aware of no authority, nor has the state cited any authority, for the proposition that appellants' assertion of the defense of entrapment, in and of itself, has the effect of placing their character in issue.

It is also contended that the evidence of the previous conviction for a crime of the same sort as that for which appellants were on trial was admissible as revealing the intent, plan, scheme or design which appellants were using in the escape here charged in the indictment. "On a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that

for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other." *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952). "Before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter." *French v. State,* 237 Ga. 620, 621 (229 SE2d 410) (1976). The certified copy of the previous indictment introduced in evidence identified Frazier as charged with the offense of escape and his conviction thereof. The only testimony relating to the circumstances surrounding this previous indictment was given by Frazier himself. This testimony showed Frazier's reason for escaping in that case was to avoid prosecution on other offenses not related to this case. There was no defense of entrapment, nor any other legal excuse, asserted as justification for this previous escape. Therefore, it cannot show plan, scheme or design unless the fact that one has been previously convicted of a certain type of crime may be considered as evidence that one is more likely to commit that type of crime again — in other words, to show "bent of mind." But this is the precise reason for excluding such testimony. *Bacon v. State,* supra; *Hodges v. State,* 85 Ga. App. 617, 622 (70 SE2d 48) (1952) (Townsend, J., dissenting). Compare *Mason v. State,* 146 Ga. App. 675 (2) (247 SE2d 121) (1978). Accordingly, the admission into evidence of Frazier's previous conviction of escape was error.

Notwithstanding this error, however, it is highly probable that same did not contribute to the verdict. See *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976). The evidence in this case overwhelmingly showed that appellants were guilty of escape. Appellants admitted the escape charged in the indictment in this case and, as noted in Division 1 of this opinion, were unable to legally justify their action. Also, appellants' counsel opened the defense at trial by taking the stand himself in an effort to refute certain testimony of one of the state's witnesses. On cross-examination he identified without objection the indictment charging Frazier with the previous escape. Only when Frazier himself later took the stand was an objection to this evidence interposed. Therefore, even if the trial court had prohibited the state at that point from presenting evidence of Frazier's previous escape, some evidence relating thereto was already before the jury without objection. The error, therefore, was harmless.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 26, 1982.

*John R. Thigpen, Sr.,* for appellants.
*C. Deen Strickland, District Attorney, Charles C. Grile, Assistant District Attorney,* for appellee.