70859. MOORE v. THE STATE.
(335 SE2d 716)

BIRDSONG, Presiding Judge.

Katie Moore was convicted of possession of more than an ounce of marijuana with intent to distribute and possession of a prohibited, excessive amount of alcoholic beverages in a dry county. She was sentenced to serve ten years for the violation of the Controlled Substances Act and twelve months for the alcohol possession, to run consecutively. She brings this appeal enumerating two alleged errors. *Held*:

1. In her first enumeration of error, Moore contends the trial court erred in failing to suppress the fruits of an alleged illegal search and seizure. An examination of the motion to suppress reflects that Moore was concerned with the adequacy of the search warrant. She contended that the search warrant failed to identify her by name and the location of the place to be searched, or to specify that which was to be seized as contraband. At the pretrial hearing on the motion to suppress, Moore developed some evidence that she first became aware of the presence of the searching officers when she saw them standing in the door of her bedroom wherein she was lying on her bed. However, when asked by the trial court to specify the grounds of her motion, Moore stated and argued that the warrant not only was defective, but that she was never given a copy of the warrant until after the

search had been completed. In response to these contentions, the state produced ample documentary evidence to establish not only reasonable cause but to show a satisfactory description of the premises, the person to be searched and the subject matter of the search.

Now on appeal, Ms. Moore has abandoned her trial argument pertaining to the adequacy of detail in the search warrant and its failure of timely service upon her in favor of a violation of the "no knock" provisions of the pertinent statute, OCGA § 17-5-27. Apparently because Moore had made no contention that the state had not complied with the "no knock" provisions of the use of force to gain entry, the state made no proof of the means of entry to effect the search but responded solely to the grounds of Moore's motion to suppress.

This is a classic example of a case where waiver or abandonment of an issue is the appropriate appellate avenue to pursue. By her written motion presented to the state and the trial court, Moore clearly attacked the sufficiency of the writ upon which the search was based. During her argument, she stated that was her ground of objection. The state had opportunity to and did respond to the objection producing more than adequate evidence to allow the trial court to rule knowledgeably and properly on an objection based upon that limited ground. Moore never raised the no-knock ground as an objectionable feature of the warrant or the search until for the first time on this appeal. This deprived the state of any opportunity to offer evidence that the officers may indeed have knocked before entering but received no answer, or feared for their safety, or feared that the evidence to be seized was of a nature that it could be destroyed after knock but before entry. Thus, the state was not afforded any opportunity to defend against, nor the trial court to rule upon, such an objection, nor was either furnished any reason to consider the motion on that basis.

It is well settled in this state that while evidence may be subject to objection, yet if the only objection made was not properly sustainable or not made on the proper ground, no reversible error is committed by the trial court in allowing the evidence to be submitted to the jury. *Williams v. State*, 238 Ga. 244 (232 SE2d 238). Thus what would perhaps otherwise be a valid reason why evidence should not be admitted will not be considered on appeal unless that specific reason was urged below. *McGiboney v. State*, 156 Ga. App. 222 (274 SE2d 667); *Leonard v. State*, 146 Ga. App. 439, 440 (1) (246 SE2d 450). See *Redwing Carriers v. Knight*, 143 Ga. App. 668, 671 (239 SE2d 686). This ground for the enumeration has been waived and presents nothing for appeal. The ground pursued at trial is not only meritless but has been abandoned by failure of argument.

2. In her second enumeration of error, Moore urges the trial

court erred in denying her motion for new trial based upon a comment made by the state's attorney. During the presentation of the defense's case-in-chief, counsel for Ms. Moore sought to inquire of Moore if the search warrant presented to her after the search was concluded had her name on it. This was one of the grounds argued by Moore at the suppression hearing to show invalidity of the search. The trial court had already ruled the warrant was satisfactory and furnished a sufficient ground for the admission of the contraband evidence. The state objected to any questions relating to the legal basis for the warrant. Counsel for Moore moved for a mistrial contending the objection implied to the jurors that the trial court had already settled the legality of the state's evidence showing possession of the marijuana, liquor and beer. Thus, the substance of Moore's motion for mistrial was that the state by its objection was in actuality contending that the issue of guilt had already been decided by the court and thus nothing really remained for the jury to decide. The trial court in its ruling denying the motion for mistrial gave permission for the defense counsel to inquire into the procedures followed in the search but precluded any questions that dealt with the legality of the search. The court then gave an appropriate instruction to the jury that any reference to a prior ruling on any matter not presented before the jury was of no concern to the jury and that it had to decide the issues in total disregard of any prior rulings to which reference might have been made and specifically to such rulings not made in their presence.

The trial court has broad discretion in regulating and controlling the business of the court. A reviewing court should never interfere with the exercise of that discretion unless it is made to appear that wrong or oppression has resulted from its abuse. *Dyke v. State*, 232 Ga. 817, 825 (209 SE2d 166); *Weaver v. State*, 137 Ga. App. 470, 471 (224 SE2d 110). As a minister of justice, the court has the duty to govern the progress of the trial and, where possible, prevent the introduction of inadmissible matters. *Heard v. Heard*, 99 Ga. App. 864, 869 (110 SE2d 76). We find the ruling of the trial court as given perfectly consistent with the rules of evidence and in no way as depriving Moore of the right to a fair trial. Even assuming that the trial court was overly restrictive (which we do not hold), Moore's failure to object to the corrective instruction given or to request a more definitive statement or ultimately to renew her motion for new trial would preclude our consideration of the merits of this enumeration. See *Pitts v. State*, 141 Ga. App. 845, 846 (3) (234 SE2d 682). We find no merit in this enumeration.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

254

*Elsie H. Griner*, for appellant.
*Lew S. Barrow, District Attorney, Robert B. Ellis, Jr., David C. Walker, Assistant District Attorneys*, for appellee.