## 75274. THAXTON v. THE STATE.
### (362 SE2d 510)

POPE, Judge.

Norman Ellis Thaxton, Jr. was indicted for murder (OCGA § 16-5-1) and hindering apprehension of a criminal (OCGA § 16-10-50). He brings this appeal from his conviction and sentence of voluntary manslaughter (OCGA § 16-5-2) and the hindering apprehension of a criminal charge. *Held*:

1. Defendant's first and second enumerations of error in essence challenge the sufficiency of the evidence to support the guilty verdicts returned on the charges against him. Construed most strongly in favor of the verdicts, the evidence showed that Willie Battle, the victim, and Nathaniel Respress, a person defendant knew "pretty well," got into a fight in front of Jeanette's, a place near Roberta in Crawford County where patrons "dance and drink and play games." Defendant succeeded in eventually breaking up the fight. Defendant's statement to police following his arrest (although repudiated by him at trial) indicated that Battle beat Respress badly, and that Respress "got back in [defendant's] car [and] said, 'I'm going to get my gun and kill his ass.'" Defendant drove Respress home, where Respress obtained a shotgun and returned to defendant's car stating, "Carry me back over to Jeanette's." They returned to Jeanette's where Respress shot and killed Battle. Defendant then took Respress to his aunt's home in Jackson, Georgia. Defendant left and was arrested in Monroe County while returning to Roberta.

Defendant was jointly charged with Respress for Battle's murder. "Even though [defendant] may not have inflicted the fatal wound, he

can be held criminally responsible for the [homicide] as a party to the crime. Under [OCGA § 16-2-20 (a)] every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. One is concerned in the commission of a crime where the person either directly commits, intentionally causes another to commit, intentionally aids or abets the commission of, or intentionally advises, or otherwise encourages another to commit the crime. [OCGA § 16-2-20(b).]" (Citation and punctuation omitted.) *Goins v. State*, 164 Ga. App. 37, 38 (296 SE2d 229) (1982). "Mere presence at the scene of a crime is insufficient to convict one of being a party to the crime, but presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred. Criminal intent may be found by the jury upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." (Citations and punctuation omitted.) *Lunz v. State*, 174 Ga. App. 893, 895 (332 SE2d 37) (1985). "The jury could reasonably have found that [defendant's] acts proved criminal responsibility as a party to the crime. [Cit.] Viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found [defendant] guilty of [voluntary manslaughter] beyond a reasonable doubt. [Cits.]" *Goins*, supra at 38. See *Jones v. State*, 250 Ga. 11 (295 SE2d 71) (1982), cert. den., 459 U.S. 1176 (1983); *Highfield v. State*, 246 Ga. 478 (1) (272 SE2d 62) (1980); cf. *Brown v. State*, 250 Ga. 862 (1) (302 SE2d 347) (1983), wherein the court found no evidence of one of the defendants' participation in the shooting aside from his mere presence at the scene.

Having found sufficient evidence to affirm defendant's conviction of voluntary manslaughter, we are compelled to reverse his conviction of hindering the apprehension of a criminal. We agree with the State that the crime of hindering the apprehension of a criminal is not included within the crime of murder, see *Moore v. State*, 240 Ga. 210 (1) (240 SE2d 68) (1977); *Pressley v. State*, 207 Ga. 274 (5) (61 SE2d 113) (1950), or of manslaughter, see *Moore v. State*, 94 Ga. App. 210, 213 (94 SE2d 80) (1956). However, "[a] person commits the offense of hindering the apprehension or punishment of a criminal when, with intention to hinder the apprehension or punishment of a person whom he knows or has reasonable grounds to believe has committed a felony . . . , he: (1) [h]arbors or conceals such person; or (2) [c]onceals or destroys evidence of the crime." OCGA § 16-10-50 (a). "This definition eliminates the idea of participation by a person guilty of such an offense in the perpetration of the major crime [as a party to the crime]." *Ivey v. State*, 186 Ga. 216 (197 SE 322) (1938); see also *Hill v. State*, 221 Ga. 65 (6) (142 SE2d 909) (1965). See gen-

erally *Moore v. State*, 240 Ga. 210 (1), supra.

2. Defendant's third enumeration posits two arguments assigning error to the trial court's admitting into evidence certain statements made by defendant to the police following his arrest. As to defendant's alleged intoxication, we find no error in the trial court's finding that although defendant had been drinking earlier on the night of the shooting, his observed behavior at the time the statements were made (shortly after his arrest and again several hours later) "was not inconsistent with the ability to freely and voluntarily waive rights for the purposes of making a confession. [Cit.]" *Smith v. State*, 141 Ga. App. 720, 721 (234 SE2d 385) (1977); accord *Carter v. State*, 257 Ga. 510 (3) (361 SE2d 175) (1987); *Allen v. State*, 231 Ga. 17 (2) (200 SE2d 106) (1973), cert. den., 414 U. S. 1159 (1974).

We likewise find meritless defendant's assertion that the second interrogation of him by police was conducted after he had told them he did not wish to talk with them. Counsel on appeal correctly notes that trial counsel raised no objection on this ground in the court below. "It is well settled in this state that while evidence may be subject to objection, yet if the only objection made was not properly sustainable or not made on the proper ground, no reversible error is committed by the trial court in allowing the evidence to be submitted to the jury. [Cit.] Thus what would perhaps otherwise be a valid reason why evidence should not be admitted will not be considered on appeal unless that specific reason was urged below. [Cits.]" *Moore v. State*, 176 Ga. App. 251, 252 (335 SE2d 716) (1985). This rule applies to confessions and/or incriminating statements, objections to which may likewise be waived through nonobjection at trial. *Reeves v. State*, 241 Ga. 44 (1) (243 SE2d 24), cert. den., 439 U. S. 854 (1978); *Abrams v. State*, 223 Ga. 216 (9) (154 SE2d 443) (1967); *Hill v. State*, 214 Ga. 794 (1) (107 SE2d 662) (1959).

3. Finally, we find no merit in defendant's challenge to the trial court's charge on impeachment. Although the language of the charge has been disapproved and trial courts urged to discontinue its use, the charge provides no basis for reversal on constitutional grounds. *Noggle v. State*, 256 Ga. 383 (4) (340 SE2d 175) (1986). In any event, trial counsel's negative response to the trial court's inquiry concerning objections to the charge raised "a procedural default which bars subsequent appellate review of the charge." *Rann v. State*, 183 Ga. App. 234, 236 (358 SE2d 644) (1987); *Kelly v. State*, 174 Ga. App. 424 (4) (330 SE2d 165) (1985); see also *Gaines v. State*, 177 Ga. App. 795 (1) (341 SE2d 252) (1986).

*Judgment affirmed in part and reversed in part. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED NOVEMBER 4, 1987.

*Robert M. Bearden, Jr.*, for appellant.
*Willis B. Sparks III, District Attorney*, for appellee.