## 76031. STOE v. THE STATE.
## 76088. LEWIS v. THE STATE.
### (369 SE2d 793)

POPE, Judge.

Appellants Billy Lewis Stoe and Lisa Elizabeth Lewis, along with two others, were indicted for the offense of armed robbery. Prior to trial one of the co-indictees fled the jurisdiction of the court and the three remaining indictees were tried before a jury and found guilty.

Construed most strongly in favor of the verdicts, the evidence adduced at trial shows that the victim, a real estate developer, was driving through the midtown area of Atlanta, Georgia when two young men and two young women, later identified as appellants and their companions Teresa Senter and Tim Lucas, flagged him down, stating that they needed help. The victim followed them to a commercial building a short distance away, parked his car in front of the building and entered the building with the defendants. One of the defendants explained that he was employed at the business located in the building. The victim further testified that he walked through the building with the defendants until they came to a reception area, where a bar was located. Although the victim remained in this area, the defendants wandered back and forth between the reception area and the adjoining rooms. The victim testified that at one point he was alone in the room with appellant Lewis and Senter, who asked the victim if he wanted to have sex with her. The victim said he then realized for the first time that he was in a "peculiar situation" and took $20 from his wallet and placed it on the bar for them to "use . . . for whatever you need in the way of help." The victim then turned around and started back down the hall with the intention of leaving the building; however, after taking only a few steps he was knocked unconscious. The victim regained consciousness lying on the grass outside the building. His wallet, along with several credit cards, was missing. The evidence shows that before being recovered from the stolen automobile of Jeffrey Barter the credit cards were used to make various unauthorized clothing purchases. The defendants were subsequently observed wearing various new items of clothing, which corresponded with the unauthorized purchases.

Evidence was also presented that Senter, who fled prior to trial, confessed to hitting the victim on the head with a liquor bottle. Another witness testified that he questioned Stoe after observing blood in various spots in the building and that Stoe told him that a "trick" refused to pay and they "got it out of him the hard way." The four were subsequently apprehended at the Scottish Inn Motel on Howell Mill Road.

172

*Case No. 76031*

1. In his first enumeration of error, appellant Stoe argues that the trial court erred in admitting into evidence a photostatic copy of co-defendant Lucas's driver's license in violation of the best evidence rule. OCGA § 24-5-4. Contrary to Stoe's contention, however, the record shows that the original was neither in the possession of nor easily obtainable by the witness at trial. Moreover, and pretermitting the issue of whether the admission of the photocopy was improper, Stoe has failed to show, and we cannot perceive, how he has been harmed by the alleged error. "It is axiomatic that harm as well as error must be shown to authorize a reversal by this court. (Cit.) *Durham v. State*, 179 Ga. App. 636, 637 (347 SE2d 293) (1986)." (Punctuation omitted.) *Anderson v. State*, 183 Ga. App. 313 (3) (358 SE2d 888) (1987). See generally *Jones v. Sudduth*, 162 Ga. App. 602 (292 SE2d 448) (1982). This enumeration affords no basis for reversal.

2. Stoe also assigns error to the trial court's allowing, over objection, the physician who treated the victim following the armed robbery to testify concerning the nature and extent of the injuries inflicted during the commission of the crime. Stoe also complains of the admission of photographs depicting the victim's injuries, and argues that such evidence was both irrelevant and prejudicial. Again we find no error.

OCGA § 16-8-41 (a) provides, in pertinent part, that "[a] person commits the offense of armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an *offensive weapon* . . ." (Emphasis supplied.) Consequently, in order to prove the offense of armed robbery, it must be shown that an offensive weapon was used. Here the evidence concerning the type of instrument, and the manner in which it was used, was in part derived from the doctor's testimony concerning the nature and extent of the victim's injuries. Thus, the testimony presented was clearly relevant to the crime charged. See generally *Lockette v. State*, 181 Ga. App. 649 (3) (353 SE2d 585) (1987); *Graham v. State*, 171 Ga. App. 242 (15) (319 SE2d 484) (1984). Likewise, the photographs were clearly relevant to show that the robbery was committed by use of an offensive weapon. *Graham*, supra. " 'Photographs which are relevant to any issue in the case are admissible even though they may have an effect upon the jury. (Cits.)' *Ramey v. State*, 250 Ga. 455, 456 (298 SE2d 503) (1983)." *Hayles v. State*, 180 Ga. App. 860 (2) (350 SE2d 793) (1986). Accordingly, this enumeration is without merit.

## Case No. 76088

3. In her first two enumerations of error appellant Lewis challenges the sufficiency of the evidence, and argues that her conviction cannot be upheld solely on the basis of circumstantial evidence and mere presence at the scene of the crime.

"Under (OCGA § 16-2-20 (a)) every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. One is concerned in the commission of a crime where the person either directly commits, intentionally causes another to commit, intentionally aids or abets the commission of, or intentionally advises or otherwise encourages another to commit the crime. (OCGA § 16-2-20 (b).) (Citation and punctuation omitted.)" *Thaxton v. State*, 184 Ga. App. 779, 780 (362 SE2d 510) (1987), citing *Goins v. State*, 164 Ga. App. 37, 38 (296 SE2d 229) (1982). "While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred. . . . The evidence, though circumstantial, authorized the verdict. After a review of the entire record, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt." (Citations and punctuation omitted.) *Kimbro v. State*, 152 Ga. App. 893, 894 (264 SE2d 327) (1980). Accord *Crumley v. State*, 185 Ga. App. 795 (1) (366 SE2d 171) (1988); *Thaxton*, supra; *Wilcox v. State*, 177 Ga. App. 596 (340 SE2d 243) (1986); *Kirksey v. State*, 177 Ga. App. 428 (1) (339 SE2d 401) (1986). Accordingly, the trial court did not err in denying Lewis's motion for new trial.

4. Lewis also contends that the trial court erred in denying her access to the records of the Georgia Regional Hospital reflecting Senter's care and treatment while she was hospitalized at that facility and in disallowing the testimony of a Mr. Tessman, a friend of Senter's, concerning the alleged violent nature of Senter.

As to Lewis's first argument, the record shows that the trial court conducted an in-camera inspection of the hospital records at issue here and found "nothing in those records which would in any way be exculpatory to the . . . defendant . . . Lewis. The court further finds nothing within the . . . file indicating any evidence of violence toward others or third persons on the part of Ms. Senter." Accordingly, we find no merit to Lewis's contention that access to the files was necessary in order for her to show the "volatile" nature of Senter.

Turning to a consideration of Lewis's argument concerning the alleged testimony of Tessman, the record shows that Lewis's counsel never sought to question the witness concerning Senter's violent na-

ture, although the trial court gave counsel an opportunity to perfect the record as to Tessman's testimony after counsel informed the trial court that Tessman might possess such information. Under the circumstances, we find no error.

5. Lewis also contends the trial court erred in denying her motion to sever. "Our appellate courts have set forth a three-part standard to apply in determining whether a motion to sever should be granted. '1. Will the number of defendants create confusion of the evidence and law applicable to each individual defendant? 2. Is there a danger that evidence admissible against one defendant will be considered against another despite the admonitory precaution of the court? 3. Are the defenses of the defendants antagonistic to each other and to each other's rights?' *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975); *Stevens v. State*, 165 Ga. App. 814, 816 (2) (302 SE2d 724) (1983). There was nothing confusing about the evidence in the instant case and the defenses were not antagonistic. As to the second standard, [the record does not support Lewis's contention that the only evidence against her was that she was present at the scene of the crime and that 'all other evidence related to the other defendants']. Therefore, the second prong of the three-part standard was not met by appellant.

"A trial court's ruling on a motion to sever is a matter within the sound discretion of the trial [court], and to obtain a reversal, an appellant has the burden of showing that the trial court abused its discretion in denying the severance. *Montgomery v. State*, 156 Ga. App. 448, 452 (1) (275 SE2d 72) (1980). Appellant [Lewis] has not met this burden and has not met the requirements of the three-part standard for determining whether a severance is appropriate. Hence, there was no error in denying [Lewis's] motion to sever the parties for trial." *Chase v. State*, 179 Ga. App. 71, 72-73 (345 SE2d 149) (1986). Accord *Sims v. State*, 186 Ga. App. 74 (4) (366 SE2d 406) (1988); *Eady v. State*, 182 Ga. App. 293 (4b) (355 SE2d 778) (1987); *Polke v. State*, 178 Ga. App. 404 (5) (343 SE2d 167) (1986); *Scott v. State*, 178 Ga. App. 222 (1) (343 SE2d 117) (1986).

6. We have examined Lewis's remaining enumeration and find it to be without merit.

*Judgments affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MAY 16, 1988.

*Patrick G. Longhi*, for appellant (case no. 76031).
*Richard E. Johnson*, for appellant (case no. 76088).
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Doris L. Downs, Assistant District Attorneys*, for ap-

pellee.