## A91A1568. MOON v. THE STATE.
(414 SE2d 721)

POPE, Judge.

Defendant Eddie Wayne Moon was convicted of the crime of aggravated assault and, in a bifurcated proceeding, the crime of possession of a firearm by a convicted felon. Defendant did not deny shooting the victim in the leg with a pistol after the two exchanged angry words. He defended, however, on the ground of self-defense, testifying that he believed the victim was reaching into his pocket which contained a bulge which looked like the handle of a gun.

1. We reject defendant's argument that the evidence was insufficient to sustain the conviction for aggravated assault. Defendant's testimony raising the issue of self-defense was refuted by the testimony of the victim and one of the eyewitnesses to the shooting. The evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt.

2. Defendant also argues the trial court erred by permitting into evidence two improper references to his character, without his first having placed his character in issue. First, defendant argues the trial court erred in overruling his objection to that portion of the opening statement in which the prosecutor stated the evidence would show that, on the day prior to commencement of the trial, the defendant offered the victim $300 not to testify. The objection raised during the opening statement was not made on the ground that the statement

improperly raised his character as an issue but on the ground that defendant was not given notice of such evidence "as required." During the victim's testimony, defendant merely renewed the same objection and the trial court again overruled it. Such a statement by the defendant to the victim is not a custodial statement and therefore not discoverable pursuant to OCGA § 17-7-210. See *McCoy v. State*, 174 Ga. App. 621 (4) (330 SE2d 746) (1985); see also *Martin v. State*, 179 Ga. App. 551 (5) (347 SE2d 247) (1986). Thus, the statement and testimony were not objectionable on the ground of inadequate notice by the State. We do not believe the statement or testimony improperly raised the issue of defendant's character because it was in the nature of an admission and was evidence of intent or scheme. Moreover, the defendant may not raise for the first time on appeal an objection not raised at trial. *Moore v. State*, 176 Ga. App. 251 (1) (335 SE2d 716) (1985).

Second, defendant argues the trial court erred in overruling his objection to certain testimony of the eyewitness. In his opening statement, defendant's attorney stated the evidence would show defendant was not carrying the pistol he used to shoot the victim but, when he believed the victim was reaching for a gun, defendant reached into a kitchen drawer next to where he was standing and pulled out the pistol and shot it. The eyewitness testified defendant did not retrieve the gun from a drawer but had the pistol on his person. The prosecuting attorney established that the witness had known the defendant for a long time and asked if defendant had a reputation for carrying a gun. The witness answered: "Carrying and shooting, too." Defendant moved for a mistrial on the ground the question improperly placed his character in issue.

The State argued the testimony did not raise the issue of defendant's character but merely his reputation for carrying a gun which was relevant to impeach his statement that the gun was retrieved from a drawer. We note, however, that the defendant had not yet testified and therefore the testimony was not offered for impeachment. Defendant did not deny shooting the victim and the only fact in issue in the case was whether defendant had acted in self-defense. The assertion of the defense of justification does not, in and of itself, have the effect of placing the defendant's character in issue. Cf. *Johns v. State*, 164 Ga. App. 133 (2) (296 SE2d 638) (1982) (in which this court held the assertion of the defense of entrapment did not have the effect of placing the character of the defendants in issue). The witness' testimony that defendant not only had a reputation for carrying a gun but also for using it undeniably placed the defendant's general character in issue. The testimony did not present evidence of particular instances of similar transactions which may, in certain circumstances, be introduced to show motive, intent, scheme or bent of

mind. Cf. *Anderson v. State,* 184 Ga. App. 293 (361 SE2d 270) (1987). The trial court thus erred in denying defendant's motion or in failing, at least, to instruct the jury to disregard the testimony.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 15, 1992.

*Jerry C. Gray,* for appellant.
*Timothy G. Madison, District Attorney,* for appellee.